BANK OF BRITISH NORTH AMERICA *v.* ELLIS and others.

*(Circuit Court, D. Oregon. January 26, 1880.)*

NEGOTIABLE INSTRUMENTS—EARLY BLANK INDORSEMENT—SUBSEQUENT INDORSERS.—The holder of a negotiable instrument who makes an early blank indorsement, payable to himself, does not thereby discharge all subsequent indorsers.

SAME—ACCOMMODATION INDORSERS—ATTORNEY FEE.—Accommodation indorsers are liable for the payment of a stipulated attorney fee in case suit should be instituted for the payment of the note.

*Ellis G. Hughes,* for plaintiff.

*George H. Durham* and *W. M. Gregory,* for defendant.

DEADY, D. J.   This action is brought to recover the sum of $2,025, on 43 promissory notes made on May 1, 1878, by as many different persons, to the order of the Dayton, Sheridan & Grande Ronde Railway Company, and by it indorsed to J. Gaston. Afterwards, and before the maturity of said notes, they were indorsed in blank by said Gaston and defendants, and acquired by the plaintiff in the due course of business.

The case was before the court November 12, 1879, on a demurrer to the original answer. The demurrer being sustained, the defendants had leave to file an amended answer, containing further defences to the action, to which the plaintiff also demurs.

The complaint alleges that each of said notes contained a stipulation that, in case suit should be instituted for the collection of the same, there should be paid such sum as the court might deem reasonable as an attorney fee in said suit, and that $220 is such fee.

The amended answer denies that the plaintiff is entitled to recover any attorney fee in this action; and, for a further defence, alleges that, after said notes had been indorsed in blank by said Gaston and the defendants, the said Gaston negotiated the same to the plaintiff, and it became the owner thereof; that afterwards, and before the commencement of this action, the plaintiff wrote over said Gaston's name thereon a special indorsement to itself—"Pay to the —— of the Bank of British North America or order"—and "thereby released the defendants, and each of them, from any and all liability on said indorsements."

The answer also shows the order in which the indorsements were made on said notes, from which it appears that Gaston's name was written first, and those of the five defendants immediately thereunder, so that it was convenient, if not necessary, for the plaintiff, in writing the special directions thereon making the note payable to itself or order, to write the same as it did immediately above the name of Gaston.

This defence assumes that the holder of a negotiable instru-

ment who makes an early blank indorsement, payable to himself, thereby discharges all subsequent indorsers thereon from liability as such, the same as if he had stricken their names therefrom.

The only case cited which is directly in point is that of *Cole* v. *Cushing*, 8 Pick. 48, in which is was held that such an act did not discharge the subsequent indorsers, but they still remained liable to the holder. To the contrary of this there is a dictum or suggestion in 2 Par. on N. & B. 19, to the effect that "it might be said in such a case that when the holder made the note payable to himself by the first indorser, he made himself indorsee of that indorser, and thereby discharged all subsequent indorsers."

The suggestion, "it might be said," however distinguished the source, scarcely amounts to a *quære*, and certainly cannot overcome or cast doubt upon the well considered decision in *Cole* v. *Cushing*, with which my own judgment wholly concurs.

It is not to be presumed that the holder of a note with a number of indorsers thereon will intentionally discharge any of them without some reason or consideration commensurate with the loss of security for his debt thereby sustained. The indorsers having no right to be discharged, the act of the plaintiff ought not to be construed to have that effect, unless it plainly appears that such was the intention with which it was done, than which nothing is more improbable.

The direction written by the plaintiff over the indorsements upon the notes is not written over the signature of Gaston exclusively, and, under the circumstances, may be regarded as having been made with reference to those of the defendants as well as that of the former.

The defendants were without interest in the notes. They were mere accommodation indorsers, and their signatures could not and did not have the effect to transfer them to any one, but only to give them currency so as to enable Gaston to dispose of them as he did.

Under these circumstances there is no room for the inference that the plaintiff intended by this act, even if it had no

reference to the infringements of the defendants, to discharge them from all liability thereon.

As to the attorney fee, the defendants claim that the promise to pay one was only made by the makers of the notes, and that the subsequent parties thereto are under no such obligation to any one.

In the *Wilson Sewing Machine Co.* v. *Moreno et al.* (August 18, 1879,) this court held that a stipulation to pay a reasonable attorney fee to the holder of a promissory note, in case suit is brought to enforce the payment of the same, is just and valid, and that the negotiability of such note is not thereby affected or impaired. But the defendants herein claim that such a stipulation or contract is only the promise of the maker, and therefore not that of the defendants; and also that such stipulation, not being an integral part of the note, but a contract collateral thereto, is not negotiable, and therefore can only be enforced as between the immediate parties to it, the maker and payee.

In *Smith* v. *The Muncie National Bank*, 29 Ind. 158, it was held that the acceptor of a bill of exchange which contained a stipulation for the payment of an attorney fee was bound to pay the same. But this conclusion rests upon the fact that the acceptor of a bill of exchange sustains the same relation thereto as does the maker of a note. In *Hubbard* v. *Harrison*, 38 Ind., a stipulation in a promissory note to pay an attorney fee was entered in an action by the indorser against the payee, who was in fact an accommodation indorser. It was implied, rather than said, by the court, that the note, being negotiable, notwithstanding the stipulation, the latter passed with the former, and might be enforced by the holder thereof against any party to the instrument. In 1 Dan. Neg. Instr. § 62, it is said that the attorney fee need not be sued for by the attorney, but may be recovered by the holder; and that the liability therefor, "as for every engagement imported by the bill or note, entered into the acceptor's and indorser's contract.

While there is a conflict in the authorities upon the question of whether an instrument, otherwise negotiable, that con-

tains a stipulation for the payment of an attorney fee, is thus negotiable or not, no case has been cited which holds that such stipulation does not pass with the instrument, in case the same is deemed negotiable.

A stipulation in a negotiable instrument for an attorney fee, which in effect provides for the payment of certain expenses of collection in case the same is not paid without suit, so far gives security and currency to such instrument, and is therefore to be regarded with favor, as being a just and convenient means of promoting the general object and utility of the same.

At common law the compensation of an attorney consisted of the various items allowed for his services, called collectively his "costs;" and, in case his client prevailed in the action, these were collected off the adverse party as a part of the judgment.

Substantially, this stipulation for an attorney fee is a substitute for the allowance of costs at common law, and enables a party taking a negotiable instrument to provide, by agreement with the maker or indorser thereof, that if the same is not paid without suit the holder shall recover his attorney fee, as well as the principal and interest.

The maker of these notes having agreed to pay an attorney fee to the holder thereof, if the same were not paid without action, in my judgment each subsequent party thereto assumed a like responsibility to such holders, and therefore the plaintiff is entitled to recover such fee from the defendants in this case.

But I think the defendants are liable to the plaintiff in this action for an attorney fee, even if the stipulation therefor can only be enforced between the immediate parties thereto. The defendants are accommodation indorsers—in effect, makers of these notes. By their indorsement of them they authorized Gaston, the then holder, to transfer them to the plaintiff, which was done. Every stipulation in them, and every obligation incident thereto, thereby became the stipulation and obligation of the defendants made directly to the plaintiff.

The demurrer is sustained.