## SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY *v.* SMITH.

While a mere receipt for money is always subject to explanation by parol, still if a paper in the form of a receipt is really a contract between the parties and the stipulations agreed upon are sufficiently set forth therein, such paper is subject to the same rules as govern ordinary contracts in writing, and parol evidence is not admissible to contradict or vary the terms or stipulations.

Submitted June 3,—Decided November 15, 1907.

Trespass. Before Judge Rawlings. Jefferson superior court. August 29, 1906.

Smith sued the telephone company for damages resulting from the company having cut a wire fence around his premises at the time its line was being constructed. The defendant pleaded a release, which was as follows: "Right of Way.—J. W. Deam. $20. Received of Southern Bell Telephone & Telegraph Company twenty—00/100 dollars, in consideration of which I hereby grant unto said company, its successors and assigns, the right, privilege, and authority to construct, operate, and maintain its lines of telephone and telegraph, including the necessary poles and fixtures, upon and over the property which I own, or in which I have an interest, in the——— of ———County of Jefferson and State of Georgia, and along the roads, streets, or highways adjoining the said property; said sum is received in full payment for said right, and the right to trim and cut trees along said line necessary to keep the wires cleared at least twenty-five feet, and the further right to erect the necessary guy and brace poles, and attach to trees the necessary guy wires, said sum received as full payment for damage to timber and premises in construction and maintenance of line. Witness my hand and seal this 5th day of January, A. D. 1903, at Bartow, Ga. (Sgd.) LeRoy Smith, L. S. (Landowner.) Witness, (Sgd.) J. W. Deam." The court, over objec-

tion, permitted the plaintiff to testify that at the time this release was signed, he did not know that his fence had been damaged, and that the release was intended to cover only the damage to timber caused by the construction. It appears from the evidence that the damage to the fence was complete at the time that the release was signed. There is no evidence that any one representing the company concealed this fact from the plaintiff, and nothing to indicate that fraud or misplaced confidence brought 'about. the signing of the receipt. It appears that the plaintiff and the agent of the company, in estimating the damages to the timber, went over the line of the defendant into the field of the plaintiff, but the plaintiff did not know at the time that the fence had been injured. After verdict for the plaintiff, the defendant's motion for a new trial was overruled, and it excepted.

*Hunt Chipley, Osborne & Lawrence,* and *C. N. Ramsey,* for plaintiff in error. *Cain & Hardeman,* contra.

ATKINSON, J. This case depends upon whether the paper signed by the plaintiff was a mere receipt for money or a contract between the parties containing stipulations binding upon the signer. If it were a mere receipt, parol evidence was admissible. If it was a contract, parol evidence was not admissible to vary any of the terms of the writing. Omitting those portions of the paper not material to the present discussion, the paper would read as follows: "Received of Southern Bell Telephone & Telegraph Company $20, in consideration of which I hereby grant unto said company, its successors and assigns, the right, privilege, and authority to construct, operate, and maintain its lines of telephone and telegraph, including the necessary poles and fixtures, upon and over the property which I own. . . Such sum received as full payment for damage to timber and premises in construction and maintenance of line." In consideration of the payment of $20, the plaintiff agreed that the defendant should have the right to construct its line over his property and the amount stated was to cover both the right to construct and all damages to the premises incident to the construction. The paper is more than a receipt for money. It is certainly a release for all damages that had been done at the time that the paper was signed. The evidence showed that at this time the plaintiff did not know of the damage to his fence, but did know of the damage to his timber. There is

no evidence that the plaintiff was fraudulently induced to sign the receipt, or that there was any misplaced confidence, and his ignorance as to the full measure of his damages was not due to any act on the part of the defendant. He is bound by the release signed by him, under the evidence in the case. Until this release has been cancelled or reformed, it is a bar to his right to recover. See, in this connection, *Jossey* v. *Ga. So. Ry. Co.*, 109 *Ga.* 439.

*Judgment reversed. All the Justices concur, except Holden, J., who did not preside.*