GRAHAM *v.* PEACOCK, administrator.

1. A mere receipt for money is subject to explanation by parol; but if an instrument contains not only a recital of the payment of purchase-money for land, but also an agreement on the part of the maker to execute a conveyance to the other party upon the happening of a certain event, parol evidence is not admissible to contradict or vary the terms of the contract, and to show that the real agreement was that title should not be conveyed except upon condition of the payment of the purchase-money.

2. In order for a plaintiff in ejectment to recover land, he must have a right to the possession thereof.

3. Where an owner of land' executed to another an instrument in writing, reciting that he had received from the other party full payment of the purchase-money for the land, and agreeing to convey title to such other person upon the termination of a certain lawsuit, and permitted the vendee to take possession under such contract, the vendor could not afterwards evict him by an action of ejectment, whether in fact the purchase-money was paid in full in cash, or whether the vendor extended credit for all or a part of it, taking the promissory note of the vendee therefor, and whether or not the vendee had paid such note upon maturity.

4. Where a son purchased land from his father and took a contract in the nature of a bond for title, providing for the making of a conveyance upon the happening of a named contingency, and entered into and held possession thereunder, the law in regard to the presumption of a gift from a father to a child, arising from exclusive possession by the latter for the space of seven years, without payment of rent, unless there is evidence of a loan, or of a claim of dominion by the father acknowledged by the child, or of a disclaimer of title on the part of the child, had no application.

5. Under the contentions made by the defendant, the admission of evidence that it was necessary for the administrator of the obligor to recover the land for the purpose of administration and distribution, if his intestate could have recovered it, was not error.

Argued July 24, 1908.—Decided January 15, 1909.

Ejectment.   Before Judge Martin.   Dodge superior court.   September 14, 1907. ,

*D. M. Roberts & Son* and *Olin J. Wimberly,* for plaintiff in error.   *E. D. Graham,* contra.

LUMPKIN, J.   L. M. Peacock, as administrator of the estate of Samuel G. Graham, brought an action of ejectment in the com-

mon-law form against John T. Graham, the son of the intestate. The defendant claimed that he was in possession of the land under a contract of purchase, and the condition thereof had not been broken; that he went into possession and erected valuable improvements in the belief that he was the owner of the land, and his father never asserted any claim of ownership or dominion; that his father would have been estopped from recovering the land or mesne profits, and consequently the father's administrator would also be estopped; and that in any event, if the plaintiff was entitled to recover at all, it would only be for the balance of the purchase-money, if any remained unpaid. The jury found that the defendant was indebted to the plaintiff for the purchase-money of the land in controversy $169 principal, and $354.90 interest; and that, if the defendant should pay that amount within sixty days, the plaintiff should make to him a deed to the land; and if it should not be paid, then the plaintiff should recover the land. A motion for a new trial was made and overruled, and the defendant excepted. A number of errors were assigned in the motion for a new trial, but nearly all of them revolved about two central questions,—whether under the written contract made between the intestate and his son in regard to the sale of the land, the former could have recovered possession, if the evidence showed that all of the purchase-money had not been paid; and whether the condition contained in the contract in reference to making title was such as to exclude parol evidence for the purpose of showing that the vendor was not to make title until all the purchase-money was paid. If Samuel G. Graham could not have recovered the property from his son, his administrator could not do so.

1-3. The contract between the intestate and his son was as follows: "Received of John T. Graham ten dollars in full for balance due for the purchase of lot of land No. 204 in the 15th district of Dodge, making in all two hundred and seventy-five dollars, the amount in full for the purchase of said lot of land on which said John T. Graham now lives, and to which I hereby bind myself, my heirs and executors and administrators, to make to him good and sufficient titles to said lot of land such as I now hold, at the conclusion of a lawsuit now pending in Dodge superior court concerning said lot of land. April 25th, 1876." A

receipt is subject to explanation by parol evidence. Civil Code, §5208. A written instrument may sometimes partake of the nature of both a receipt and a contract. In so far as it is merely a receipt, the rule above stated is applicable; but in so far as it is a contract, it can not be changed, modified, or have its terms enlarged by parol evidence. *Southern Bell Telephone Co. v. Smith,* 129 *Ga.* 558 (59 S. E. 215). The instrument before us was not merely a receipt for money, but was a contract to convey title upon a specified condition. The recital of the receipt of the purchase-money in full may not have concluded the parties from showing that it was not completely paid, but they were prevented from showing that the condition on which the owner of the land agreed to convey title to his son was different from that recited in the contract itself. An owner of land, in making a sale of it, is under no obligation to retain the title or right of possession until complete payment of the purchase-money. He may, if he so desires, convey the title at once, and look to the credit of the purchaser for the payment of all or a part of the purchase-price; or he may contract to convey the title upon the receipt of a part of the purchase-money, or of all of it; or upon any other condition which is not violative of any law. The ordinary bond for title usually provides for the payment of the entire purchase-money as a condition precedent to the conveyance of title. But there is nothing which prevents a different contract, if the parties so agree. In the contract under consideration the vendor did not reserve title until the payment of the purchase-money. On the contrary he declared that the purchase-money had been paid in full, thus negativing any intention to make further payment a condition precedent to the conveyance of title. Whether in fact the vendee had paid the entire purchase-money or not, the terms of the contract admitted of no construction which required payment before conveyance. After the recital of payment in full of the purchase-money for the land, the vendor added: "to which I hereby bind myself, my heirs and executors and administrators, to make to him good and sufficient titles to said lot of land such as I now hold, at the conclusion of a lawsuit now pending in Dodge superior court, concerning said lot of land." This was plain, clear, and unambiguous. It recognized that no further payment was necessary before the conveyance of the land, and bound the ven-

dor to make a title at the conclusion of a certain lawsuit. There was no allegation in the pleadings of any fraud, accident, or mistake, and no effort to reform the contract. Parol evidence was admitted to show that the vendor had, sometime before the instrument was made, expressed an unwillingness to convey the land until the purchase-money was paid, and that it was not in fact paid in cash, but a note for $275 was given by the purchaser, bearing the same date as that of the contract; and the presiding judge charged, in effect, that if the note was given for the purchase-money contemporaneously with the execution of the contract, and the purchase-money had not been paid, the plaintiff would be entitled to recover the land. These rulings were erroneous, as will appear from what has been said above. Generally a promissory note is not payment until it is itself paid; but the parties may treat it as payment, and the creditor may accept it as such in lieu of cash, if it be so agreed. This may have been the intention of the parties. But whether it was or not, and whether in fact all the purchase-money had been paid or not, if the vendor acknowledged payment in full, made no provision for the retention of title until further payment, allowed the debt to remain open, and agreed positively to convey the title upon no other condition except the conclusion of a certain lawsuit, he could not by an action of ejectment recover possession from the purchaser, who held under such a contract, by merely showing by parol evidence that the purchase-money had not been paid in full. Under the contract as it stands in the record, the purchaser was entitled to a conveyance upon the conclusion of the lawsuit. In order to recover in ejectment, the plaintiff must have a right of entry. This was not a proceeding for specific performance by the vendee, but an action at law by the vendor to evict the vendee from possession; and although one of the defendant's pleas, after denying any right of recovery on the part of the plaintiff, prayed that, if the plaintiff were held to be entitled to any relief, it should be molded so as to be in accordance with equity, this did not confer upon the plaintiff a right to recover possession, if none existed. The defendant contended that the instrument was in itself a present conveyance of title. But this is inconsistent with the terms of the agreement by which the vendor bound himself to make a title upon the conclusion of a certain lawsuit.

4. The defendant also invoked certain charges in regard to a presumption of a gift from a father to his son, under the Civil Code, § 3571, arising from exclusive possession by a child of lands originally belonging to his father, without payment of rent, for the space of seven years, unless there is evidence of a loan, or of a claim of dominion by the father acknowledged by the child, or of a disclaimer of title on the part of the child. That section has no application to a case where a son buys land from his father and holds under a bond for title made by the father to him. An obligee under a bond for title does not hold adversely to the title of the obligor. One who holds as a purchaser, under a bond for title, does not also hold as the absolute owner under a gift. Of course, an obligor in a bond for title may afterwards give the property to the obligee, if he sees proper; but continuing to hold under the bond does not raise any presumption of a gift.

5. If the defendant had not been an heir of the decedent, and had claimed solely as a purchaser, it would have been immaterial for the administrator to prove the necessity to have possession of the property, in order to recover upon condition broken. But we can not say that the defendant's pleadings and contentions were such as to make the evidence of the plaintiff on that subject irrelevant and its admission erroneous. In the brief of counsel for plaintiff in error in this court it was urged, that, "even if the title to the land had been in Samuel G. Graham, John T. Graham would have been entitled to retain the land unless there was a necessity for the administrator to sue for it and recover it." Doubtless a similar contention was made in the trial court; and under the evidence of the relationship of the Grahams, and certain general expressions in the defendant's pleading, it can not be said that the court erred in allowing proof of the necessity for such recovery by the administrator, if he was otherwise entitled to recover.

Some of the requests of the defendant were not aptly adjusted to the law as herein declared; but it is unnecessary to review them in detail, as the preceding discussion controls the substantial points of the case.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*