## COLEMAN v. BARBER.

FISH, C. J. 1. Coleman brought an action for specific performance against Barber. The substance of the petition was: Defendant sold to plaintiff a named city lot. At the time of the sale defendant gave to plaintiff the following receipt: "Received of G. L. Coleman $25, to close trade on lot corner Crawford and Mill streets, balance payable $750 on delivery of papers. This 12th day of January, 1910. [Signed] J. A. Barber." The agreed purchase-price was $775, to be paid $275 cash, and five shares of stock of the Moultrie Telephone Company, of the value of $100 each. Plaintiff paid $25 cash, and, subsequently to the execution of the receipt, tendered to defendant $250 cash and five shares of stock of the Moultrie Telephone Company, and demanded of defendant a deed in accordance with the contract. Defendant refused to accept such tender and to convey the property to the plaintiff. *Held,* that the petition was properly dismissed on general demurrer, for the reason, if for no other, that the receipt, so far as the petition showed, contained the whole contract and expressed the intention of the parties; that is, that the sum of $750, balance of the purchase-price for the lot, was to be paid in cash (see *Wellmaker* v. *Wheatley,* 123 *Ga.* 201 (51 S. E. 436); *Southern Bell Tel. Co.* v. *Smith,* 129 *Ga.* 558 (59 S. E. 215); *Hawkins* v. *Studdard,* 132 *Ga.* 265 (63 S. E. 852, 131 Am. St. R. 190)); and therefore a tender of the $250 cash and five shares of the corporate stock of the telephone company was not a tender of the balance of the money due the defendant under the contract, and he was under no obligation to accept the same and to execute a deed to the plaintiff.

2. In the absence of an allegation that the real contract was that $500 of the price of the lot was to be paid in five shares of the stock of the telephone company, and that this part of the contract was not inserted in the writing because of fraud, accident, or mistake, parol evidence would not be admissible to show that such was the real contract. Civil Code (1910), § 5788. 2 Enc. Ev. 443, b, and cases cited in note 61.

    *Judgment affirmed. Beck, J., absent. The other Justices concur.*

    OCTOBER 11, 1911.

Petition for specific performance. Before Judge Merrill. Colquitt superior court. October 4, 1910.

*Edwin L. Bryan,* for plaintiff.

*Shipp & Kline* and *L. L. Moore,* for defendant.