### RIVERSIDE MILLING AND POWER COMPANY *et al. v.* BANK OF CARTERSVILLE.

1. Under the decision in *Strickland* v. *Bank of Cartersville,* ante, 565 there was no error in sustaining the demurrer to paragraphs 7, 8, and 9 of the answer of the defendant. Nor was there error in rejecting and striking paragraphs 1 to 8 and a part of paragraph 9 of the amendment to the answer.
2. A suit was brought against a corporation as principal, and two individuals as sureties, on a promissory note, which contained a provision for the payment of attorney's fees, if collected by an attorney. Preparatory to bringing suit, three copies of a notice of an intention to sue were made, for the purpose of giving written notice as required by the statute where it is sought to recover attorney's fees. Each was directed to the three defendants. On the back of one was entered the name of one of the sureties, on the back of another was entered the name of the

other surety, and on the third was entered the name of the company and also of the second surety, who was its superintendent and manager. The first two were signed by the plaintiff corporation through its vice-president; the third was unsigned. The vice-president of the plaintiff testified that he served the first notice on the surety whose name was entered on its back, and the other two on the person above mentioned as the other surety and an officer of the principal. The three notices were produced under a notice to produce, served upon the defendants. A paragraph of the original answer, which admitted that the defendants received written notice of the plaintiff's intention to sue, but denied that it was such notice as is required by law, was withdrawn as pleading, but was introduced by the plaintiff as evidence. *Held*, that there was no error in admitting in evidence the unsigned notice in connection with the other two.

3. Although there may be a written contract between a creditor and one of several debtors as to how a payment which such debtor agrees to make shall be applied, yet if, upon the making of the payment, the creditor and such debtor agree upon and make an application of a part thereof varying somewhat from that previously agreed upon, the application so made will furnish no cause for complaint or for making re-application at the instance of such debtor.

(*a*) In this case the other debtors who took no part in the contract, or in the making and application of the payment, have no ground for complaint.

(*b*) Where a debtor gave to a creditor bank a check signed by a third person, and one signed by himself, in order to make the payment, and the cashier of the bank gave to such debtor a receipt for the two checks, stating that they were to be credited on certain notes, which did not include all the indebtedness for which the debtor was liable; if this amounted to an agreement or an election by the bank as to the mode of application of the payment, yet, if the debtor did not agree thereto, but he and the cashier of the bank agreed upon an application of the payment to some extent different from the statement in the receipt, and the application was actually made in accordance with their mutual agreement, this furnished no ground of complaint to the debtor. Especially is this true where, in a case argued with the present one, he and a cosurety with him continue to insist upon the application of a part of the payment to the reduction of another note on which it was applied.

4. Promissory notes were made payable to a bank or order. They contained a clause which provided that "if we fail to pay this note at maturity, and the same is placed in the hands of an attorney for collection," attorney's fees of ten per cent. should accrue and become a part of the original debt. Indorsed on each note and signed by two persons other than the maker or payee was the following entry:— "For value received ————hereby sell and assign to the [payee] the within note, and guarantee the payment of the same at maturity, or at any time thereafter, with interest at the rate of————per cent. per annum until paid, waiving homestead, demand, notice of non-payment, and protest." *Held*, that upon failure of the maker of such note to pay it at maturity, and upon its being placed in the hands of an attorney and sued on after notice of intention to sue as provided by the statute, the signers of the

indorsement were liable for the attorney's fees stipulated, as well as for the principal and interest of the note.

5. The evidence authorized a verdict for the plaintiff, and no specific assignment of error was made as to what it included or its form.

APRIL 23, 1913.

Complaint. Before Judge Edwards. Bartow superior court. June 30, 1913.

The Bank of Cartersville brought suit against the Riverside Milling and Power Company as maker, and George W. Brooke and A. Strickland as sureties, on three promissory notes aggregating the principal sum of $2,493.00. The defendants answered the petition, and subsequently offered an amendment. On objection the first eight paragraphs of the amendment and a part of the ninth were rejected, and the defendants filed exceptions pendente lite. A demurrer to the original answer was sustained as to paragraphs 7, 8, and 9 thereof, and exceptions pendente lite were filed. On the trial (as recited in the bill of exceptions) the jury found for the plaintiff $2,493.95 principal, $181.78 interest, and $267.59 attorney's fees. The defendants moved for a new trial. The motion was overruled, and the defendants excepted. So far as necessary, the other material facts are stated in the opinion.

*J. P. Brooke, George F. Gober,* and *Finley & Henson,* for plaintiffs in error.

*Neel & Neel, Hatton Lovejoy,* and *Paul F. Akin,* contra.

LUMPKIN, J. (After stating the foregoing facts.)

1. The demurrer to paragraphs seven, eight, and nine of the answer was properly sustained. This point is controlled by the decision in *Strickland v. Bank of Cartersville,* ante, 565. Nor was there error in rejecting and striking paragraphs one to eight and part of paragraph nine of the amendment to the answer, upon the objections made to them.

2. The suit was based on notes which contained a provision for the payment of ten per cent. on the amount of the debt, as attorney's fees. The defendants were the Riverside Milling and Power Company as maker, and George W. Brooke and A. Strickland as sureties. As preparatory to bringing suit (as required by the Civil Code (1910), § 4252), three copies of a notice of an intention to sue were prepared. Each was directed to the three defendants. One had entered on the back of it the word "Strickland," another the word "Brooke," and the third the words,

"Brooke, Riverside Milling and Power Company." The first two were signed by the "Bank of Cartersville, by J. W. Knight, V. P." The last was unsigned. The vice-president of the bank testified that he served the first notice on Strickland and the other two on Brooke, who testified that he was superintendent and manager of the defendant company. They were brought in by the defendants under notices to produce. The third paragraph of the defendants' answer admitted that they received written notice of the plaintiff's intention to sue on the notes, but denied that it was such notice as was required by law. This admission as to the company was afterward withdrawn by amendment, but it was introduced in evidence by the plaintiff. There was no error in admitting in evidence the unsigned notice, in connection with the other two and the accompanying evidence.

3. A written receipt for money may be denied or explained by parol. Civil Code (1910), § 5795. If an instrument contains an acknowledgment of the receipt of money, and also contains a written contract, the contract can not be altered by parol. § 4268; *Southern Bell Telephone & Telegraph Co.* v. *Smith,* 129 *Ga.* 558 (59 S. E. 215) ; *Graham* v. *Peacock,* 131 *Ga.* 785 (63 S. E. 348) ; *Pennsylvania Casualty Co.* v. *Thompson,* 130 *Ga.* 766 (61 S. E. 829) ; *Coleman* v. *Barber,* 137 *Ga.* 22 (72 S. E. 399). Indeed, many written contracts contain a receipt for, or recital of payment of, the consideration, and also an agreement between the parties. Where a payment is made by a debtor to a creditor who holds several demands against him, if there is no agreement as to the application of it, the debtor has a right to direct to which claim it shall be applied. If he does not do so, the creditor may apply it at his election. Civil Code (1910), § 4316. If there is a contract fixing the mode of application, it will control. But parties may, by mutual concurrence, depart from the mode so fixed and may apply the payment otherwise in whole or in part; and if an application is made by mutual action of the debtor and creditor, though not in strict accord with the contract, the debtor can not afterward complain thereof or have a reapplication made. Here a written contract was made between the bank and Brooke, in regard to additional security for the payment of the note of Brooke and Strickland and other notes on which Brooke was surety. It agreed that $5,000 was to be paid by Brooke on or before August 1, 1909, "to be applied to past and accrued interest due said bank, and

the placing the remainder to the said obligations as endorsed by said George W. Brooke as the bank may elect." Brooke also agreed to pay certain taxes, insurance premiums, and attorney's fees. The $5,000 was not paid on August 1; but on August 13, Brooke brought to the Bank of Cartersville a check of one Jones for $5,000, drawn on a bank in Atlanta, and the cashier gave him a receipt in the following words: "Received of G. W. Brooke one check for Five Thousand Dollars on American National Bank, Atlanta, Ga., signed R. T. Jones, and one check for $14.44, signed by G. W. Brooke, on 1st National Bank, Cartersville, to be credited on notes signed by Riverside Milling & Power Co." The cashier testified that he and Brooke figured in detail the mode in which this payment was to be applied, and that it was applied accordingly; and a memorandum was introduced, showing that a part of the payment was applied to interest on the note of Strickland and Brooke held by the bank, as well as on the debt of the defendant company indorsed by them, and also that $87.50 was paid to attorneys for fees. If the words in the receipt, "to be credited on notes signed by Riverside Milling and Power Company," be treated as an agreement or election on the part of the bank to apply the proceeds of the check, when collected, to the notes signed by that company alone, it was not signed or agreed to by Brooke, according to the evidence for the plaintiff. At least it was no agreement with any one else than Brooke, or enforceable by any one else; and if he directed or agreed to a different application, it gave him no right afterward to demand a reapplication. In the case of *Strickland* v. *Bank of Cartersville,* which was by agreement argued with this case, it appears that Brooke is still insisting that a part of the $5,000, which the bank applied to the payment of interest on the note of himself and Strickland, should go in reduction of the principal of that note. He can not have the payment applied both on that note and on the one here involved. He denied in his testimony that he ever had any agreement modifying or changing the original written contract as to the application of the payments.

The receipt included not only the check of Jones for $5,000, but also a check of Brooke for $14.44, which was shown to be the interest on the entire indebtedness from August 1, when the payment was to have been made, to August 13, when it was made. This renders the paper open to some doubt as to its intention. But if the evidence of the cashier to the effect that the language of the

receipt was "to show that the payment was to be applied in a general way more than anything else," and that there was nothing in the receipt to change the application from the figures he and Brooke made, was of doubtful admissibility, or even inadmissible, under the evidence and charge of the court, it would not require a new trial. While the evidence of Brooke as to the application of the payment did not accord with that of the cashier of the bank, the judge submitted to the jury the question of whether it was made by the concurrence of the two parties, and the evidence authorized such submission.

4. The notes in suit were payable to the Bank of Cartersville or order, and signed by the Riverside Milling and Power Company. Each of them contained a clause that "if we fail to pay this note at maturity, and the same is placed in the hands of an attorney for collection, then and in that event we hereby admit that we have damaged the Bank of Cartersville or the holder of this note ten per cent. on the amount of said debt by forcing them to employ an attorney on account of our default, and said damage is hereby declared, for value received, to be liquidated as a part of said original debt." Each note had upon it the following indorsement, signed by Brooke and Strickland: "For value received————— hereby sell and assign to the Bank of Cartersville, Ga., the within note, and guarantee the payment of the same at maturity, or at any time thereafter, with interest at the rate of————per cent. per annum until paid, waiving homestead, demand, notice of non-payment, and protest." Under this indorsement, the signers were liable for the attorney's fees stipulated, as well as for the principal and interest, if the notes were not paid at maturity and were placed in the hands of an attorney and suit brought upon them, after proper written notice.

5. The evidence authorized a verdict for the plaintiff. The verdict found was not specified or brought up in the record, but was referred to in the bill of exceptions as being for a stated amount as principal, and for interest and attorney's fees. No specific exception was made as to its form, or on the ground that it undertook to declare any lien. Under the evidence, there is nothing in any of the grounds of the motion for a new trial which requires a reversal.

*Judgment affirmed. All the Justices concur, except Atkinson, J., absent.*