## J. C. Franklin *v.* The Duncan *et al.*[*]

### (*Nashville.* December Term, 1915.)

1. **BILLS AND NOTES.** Liability of indorser. Stipulation for Attorny's fees.

   An indorser of a note, stipulating for payment of attorney's fees in case of suit, though he be an accommodation indorser, is liable for such fees, especially where he waives demand, protest, and notice. (*Post, pp.* 474, 475.)

   Case cited and approved: Hall v. Pratt, 103 Ga., 255.

   Case cited and distinguished: Bank of British N. A. v. Ellis (C. C.), 2 Fed., 44.

2. **GUARANTY.** Liability of guarantor. Bills and notes. Attorny's fees.

   The liability of a guarantor of the payment of a note, stipulating for payment of attorney's fees in case in suit, included the liability of the maker for payment of the fees, especially where the contract of guaranty specified that the guarantor accepted all the provisions of the note. (*Post, pp.* 475, 476.)

   Case cited and approved: Riverside Milling, etc., Co. v. Bank, 141 Ga., 578.

3. **BILLS AND NOTES.** Attorney's fees. Necessity of Suit.

   The holder of a mortgage note, providing for payment of attorneys' fees if the note was placed "in the hands of an attorney for collection, has to be sued upon, or if litigation arises in the course of its collection," was entitled to have the fees allowed, over objection that its suit was needless, since foreclosure out of court was provided for in the mortgage, where a general creditors' bill was filed against the maker of the note and an injunction granted therein, which operated to enjoin the holder of the note from foreclosing the mortgage except in that cause, and, on the hold-

---

[*]On the question of validity of stipulation for attorney's fees see note in L. R. A., 1915B, 928.

Franklin v. The Duncan.

er's intervening to set up its claim by cross-bill, the complainant answered, denying the validity of the mortgage. (*Post, pp.* 476, 477.)

Cases cited and approved:   Clark v. Jones, 93 Tenn., 639; Bank v. Woods, 125 Tenn., 6.

FROM   DAVIDSON

Appeal from the Chancery Court of Davidson County —JOHN ALLISON, Chancellor.

PITTS & McCONNICO and W. N. WRIGHT, for appellants.

SAMUEL N. HARWOOD, for appellee.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This cause is a general creditors' proceeding to wind up The Duncan, a hotel corporation, and the questions to be determined arise on the claim of the Penn Mutual Life Insurance Company against the insolvent company and Oliver J. Timothy, as guarantor for it.

The Duncan, as maker, executed a mortgage note for $60,000 to the Life Insurance Company which contained in its body, the following stipulation respecting attorneys' fees:

"It is stipulated that if this note is placed in the hands of an attorney for collection, has to be sued upon, or if litigation arises in the course of its collection, the

undersigned agrees to pay ten (10) per cent attorneys'
fees for such services as may be rendered in connec-
tion therewith, the same to be taxed as cost and become
a part of any judgment rendered hereon, and said at-
torneys' fees are secured by said deed of trust.''

On the back of the note was the following guaranty,
signed by appellant, Timothy, before the delivery of the
note to the payee:

''For value received, we, and each of us, jointly and
severally, guarantee payment of principal and interest
of the within note, as and when the same shall become
due, and of any extension thereof in whole or in part,
accepting all its provisions,  .   .   .    and waiving pro-
test, demand and notice of protest,'' etc.

The only questions to be treated of are those made by
Timothy on his appeal from a decree of the chancellor
so far as by it he was held liable for attorneys' fees al-
lowed the payee company.

It is argued that the liability of Timothy is the same
in that regard, as if he were a regular endorser in
blank.

It is said in 1 Daniel, Neg. Ins. (6th Ed.), 62 (a), that
such a stipulation for attorneys' fees becomes a part
of the contract of an indorser, and that rule as relates
to a regular indorser appears to be sustained by au-
thority. *First Nat. Bank* v. *Canatsey,* 34 Ind., 149; *Hub-
bard* v. *Harrison,* 38 Ind., 323.    And certainly the rea-
sons are yet more cogent why this should be true of an
indorser who waives demand, protest and notice, thus

dispensing with any condition precedent to his liability. 3 R. C. L., 1148, and cases cited.

An accommodation indorser is to be held liable for fees so stipulated to be paid. *Hall* v. *Pratt*, 103 Ga., 255, 29 S. E., 764.

The case of *Bank of British N. A.* v. *Ellis* (C. C.), 2 Fed., 44, involved the question of the liability of an accommodation indorser for attorneys' fees provided for in the face of a note. It was there said as to the liability of both kinds of indorsers:

"The maker of these notes having agreed to pay an attorney fee to the holder thereof, if the same were not paid without action, in my judgment each subsequent party thereto assumed a like responsibility to such holders, and therefore the plaintiff is entitled to recover such fee from the defendants in this case.

"But I think the defendants are liable to the plaintiff in this action for an attorney fee, even if the stipulation therefor can only be enforced between the immediate parties thereto. The defendants are accommodation indorsers. . . . By their indorsement of them they authorized Gaston, the then holder, to transfer them to the plaintiff, which was done. Every stipulation in them, and every obligation incident thereto, thereby became the stipulation and obligation of the defendants made directly to the plaintiff."

But the appellant in the pending case is a guarantor, and in case of a guaranty, as a general rule, the extent of the liability of the principal debtor, or maker of the

note, measures the liability of the guarantor. 20 Cyc., 1420; 3 R. C. L., 1155.

Therefore the maker being liable for the fees, the guarantor takes that obligation under the measure of his liability to the holder, for reason even stronger than in the case of an indorser of whatever character.

In *Riverside Milling, etc., Co.* v. *Bank,* 141 Ga., 578, 81 S. E., 892, the guaranty on the back of the note was to the effect that its signers "guarantee the payment of the same at maturity or at any time thereafter," and it was held that they were liable on the note according to tenor, including the attorneys' fees provided for on the face of the note.

Another contention of appellant is: That by the terms of the guaranty he became guarantor of the payment of principal and interest only, and not of the payment of the attorneys' fees. If we apply the rules of construction applicable to ordinary contracts to the construction of the guaranty, we think it manifest that when the guarantor went further and made use of the phrase "accepting all its provisions" (referring to the provisions of the note), the stipulation as to attorneys' fees was made a part of his express obligation.

But it is said that the insurance company is not entitled to have the fees allowed because its suit on the note was needlessly brought, since a foreclosure out of court was provided for in the mortgage, *Clark* v. *Jones,* 93 Tenn., 639, 643, 27 S. W., 1009, 42 Am. St. Rep., 931, being cited.

The general creditors' bill, with the injunction there-in granted, operated to enjoin the insurance company from foreclosing the mortgage or trust deed, except in that cause. A foreclosure by means of a trustee's sale out of court could only have been had by leave of the court in that case. After the insurance company intervened to set up its claim by cross-bill, the complainant in the original bill filed an answer, denying the validity of cross-complainant's mortgage, and insisting that that instrument was not authorized by any corporate action of the stockholders, and directors of the corporation, The Duncan. Without meaning to intimate an opinion that but for this last noted fact an allowance of fees would be improper, certainly the insurance company being thus held to support by proof and establish by decree the validity of its lien upon the assets against all other creditors, we think it clear that it has shown good and sufficient reason for not bringing the property to foreclosure sale by the trustee, under the power of sale vested in the trustee by the trust deed. It is therefore entitled to a judgment for attorneys' fees. *Bank* v. *Woods,* 125 Tenn., 6, 17, 140 S. W., 31.

The decree of the chancellor awarding same is affirmed.