COLES, trustee, *v.* MOZLEY *et al.,* executors.

ATKINSON, J. 1. "The consideration of a deed may always be inquired into when the principles of justice require it." Civil Code, § 4179; *Thrower* v. *Baker,* 144 *Ga.* 372 (87 S. E. 301); *Coldwell Co.* v. *Cowart,* 138 *Ga.* 233 (75 S. E. 425), and cit.

2. It follows that where A conveys land to B by deed reciting a money consideration, in a suit brought by A's trustee in bankruptcy against B's executors, alleging that the consideration was as expressed in the deed, and that only part thereof had been paid, and seeking to subject the land specified in the deed to the alleged balance due, it may be explained, as a valid defense to such suit, that the consideration named in the deed was not the actual consideration, and that the consideration agreed upon between the parties had been paid. The recital of the consideration of the deed on which this action is based is not of such character as amounts to a covenant; and the principle ruled in *Southern Bell Tel. Co.* v. *Smith,* 129 *Ga.* 558 (59 S. E. 215), *L. & N. R. Co.* v. *Willbanks,* 133 *Ga.* 15 (65 S. E. 86, 24 L R. A. (N. S.) 374, 17 Ann. Cas. 860), *Riverside Milling Co.* v. *Bank,* 141 *Ga.* 578 (3), 581 (81 S. E. 892), and similar cases has no application.

3. The evidence was sufficient to support the verdict, and none of the grounds of the motion for new trial show cause for reversal.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

No. 552.   APRIL 11, 1918.   REHEARING DENIED MAY 17, 1918.

Equitable petition.   Before Judge Ellis.   Fulton superior court. July 7, 1917.

*Lovick G. Fortson,* for plaintiff.

*J. E. Mozley* and *H. B. Moss,* for defendants.