## MATHIS *et al. v.* CROWLEY; *et vice versa.*

HILL, J. A vendee of land, upon payment of part of the purchase-price, was admitted into possession under a deed, and thereupon executed certain promissory notes for the balance of the purchase-price, and executed a security deed. After some of the notes fell due, all of the notes and the security deed were transferred by the payee to his mother-in-law, upon a consideration less than the face value. When the land was about to be sold under a power contained in the security deed, the purchaser instituted a suit against his vendor and his transferee, alleging, in addition to the facts as just indicated, that some of the land included in the purchase was not embraced in the deed, because at that time it was not owned by the vendor but it was in contemplation to be purchased by him from other persons, and it was omitted from the deed by consent of both parties, in order to facilitate the purchase of the property by the vendor; that the purchaser had made certain improvements on the property, of a stated value; and that the vendor having failed to purchase the outstanding property, and having refused to do so, the plaintiff elected to rescind the contract and offered to turn back the property upon restitution of the part of the purchase-money paid and the purchase-money notes and the value of the improvements, and that the defendant refused to comply with his contract or to rescind. It was prayed that the contract be rescinded, and that the plaintiff have a judgment for a stated amount, and for such other relief as might be appropriate under the allegations in the petition. The judge overruled a demurrer to the petition, and on exception the judgment was reversed, this court holding: "A purchaser of land, who is in undisturbed possession under an absolute warranty deed, can not have rescission and recover from the grantor partial payments made on the purchase-price, or have damages covering the cost of improvements made on the land, solely upon the ground of a defect in the grantor's title. Such relief is dependent upon the grantee's equitable right of rescission or cancellation, which does not exist unless he allege that the grantor is insolvent or a non-resident, or allege fraud, mutual mistake, or some other fact which would make it inequitable for the grantor to hold the purchase-money already paid and to collect the balance." *Mathis* v. *Crowley,* 146 *Ga.* 749 (92 S. E. 213). After the case was returned to the trial court the plaintiff amended his petition by alleging that he was induced to make the agreement to leave out the land from the contract by the promises of the vendor to purchase the land, which promises were made falsely and intentionally to defraud the petitioner, without any intention of carrying them out; that the vendor and his transferee were both insolvent; and that the plaintiff had no remedy except rescission or abatement of the purchase-price. The defendants renewed their grounds of general demurrer to the petition as amended, which were overruled. Afterward the transferee amended her answer by filing a plea in the nature of a cross-petition, setting up the purchase-money notes and the security deed, and seeking to have a judgment for the amount of the notes and the lien of the security deed established.

It appeared that the purchaser was not in a position to rescind; but evidence was introduced as to the parol contract to convey certain land not included in the deed, and its value. In the charge the judge, in effect, instructed the jury that there could be no rescission, and restricted the issue to the right of the plaintiff to a reduction of the amount sought to be recovered in the cross-petition, on account of the alleged deficiency in the land agreed to be sold. The jury returned a verdict, on conflicting evidence, for the transferee (plaintiff in the cross-petition), for less than the amount of her demand. She and the plaintiff's vendor, being dissatisfied with the amount of the verdict, moved for a new trial. The motion was overruled, and they excepted. The plaintiff filed a cross-bill of exceptions. *Held:*

1. The allegations contained in the amendment were insufficient to charge fraud in the execution of the contract. *Brosseau* v. *Jacobs' Pharmacy Co.*, 148 *Ga.* 651 (98 S. E. 79); *Capps* v. *Edwards*, 130 *Ga.* 146 (4), 150 (60 S. E. 455). Under the former decision of this court the petition did not set forth a cause of action for rescission or abatement of the purchase-price of the land.

2. It was erroneous to admit evidence as to a parol agreement to the effect that other lots than those described in the deed were, by consent of the parties, omitted therefrom, and were to be subsequently purchased by the vendor and conveyed to the vendee, and as to breach of such agreement, in abatement of the purchase-price; and to charge the jury that there might be an abatement of the purchase-price on the basis of such evidence. *Coleman* v. *Barber*, 137 *Ga.* 22 (72 S. E. 399).

3. The judge did not err, as against the plaintiff, in restricting the issue to a failure of consideration and abatement of the purchase-price of the land.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur, except*

ATKINSON and GILBERT, JJ., who dissent from the rulings announced in the first and second divisions. *Pavlovski* v. *Klassing*, 134 *Ga.* 704 (68 S. E. 511); *Garner* v. *State*, 100 *Ga.* 258 (28 S. E. 24); *Wilson* v. *State*, 138 *Ga.* 489 (75 S. E. 619); 1 Black on Rescission and Cancellation, 220 et seq., §§ 89, 90; *S., F. & W. Ry. Co.* v. *Atkinson*, 94 *Ga.* 780 (21 S. E. 1010).

Nos. 1167, 1178. SEPTEMBER 27, 1919.

Equitable petition. Before Judge Thomas. Berrien superior court. September 14, 1918.

*J. J. Murray* and *E. K. Wilcox,* for Mathis et al.

*R. A. Hendricks,* contra.