12923.   HYMAN *v.* WARREN COUNTY FERTILIZER CO.

The parol testimony offered by the defendant, not being inconsistent with or in conflict with the terms of the written receipt, which does not purport to embrace all the terms and stipulations governing the pledge, should have been admitted for consideration by the jury.

DECIDED JUNE 14, 1922.

Complaint; from Warren superior court — Judge Shurley. September 16, 1921.

The Warren County Fertilizer Company sued Hyman on a promissory note in the principal sum of $1,259.07, besides interest and attorney's fees. The defendant by his plea admitted the execution of the note, but claimed that he was entitled to a credit thereon in the sum of $700 under a previous agreement made at the time of the delivery or pledge of certain cotton. On the trial the defendant offered to show " that Mr. Scruggs and Mr. English, representing the Warren County Fertilizer Company, came to the house of Mr. Hyman and insisted upon Mr. Hyman depositing with the Warren County Fertilizer Company some cotton to secure the payment of his fertilizer note held by the company; that Mr. English then and there stated to Mr. Hyman that, if he (Hyman) would deposit some cotton with the company to secure his note, the company would allow him (Hyman) $100 per bale, to be credited upon his (Hyman's) fertilizer note; that the cotton, seven bales, was stored in the warehouse; and that he (Hyman) then and there, on the statement of Mr. English, delivered to Mr. Scruggs in English's presence warehouse receipt for seven bales of cotton." This testimony was ruled out on the sole objection made, that it sought to contradict the terms of a written instrument, governing the pledge of the cotton, and coming from the custody of the defendant, which had been introduced in evidence, and which was as follows:

"Norwood, Ga., Nov. 27, 1920."

"Received of P. S. Hyman" (naming and describing the 7 bales in question, giving weights and warehouse receipt numbers) — "To be held and when sold applied to fertz. note.

"M. W. Scruggs."

The defendant excepts to the exclusion of the testimony offered, and contends: (1) that, the written instrument being merely a receipt, parol evidence was admissible to explain, add to, or contradict it; and (2) that the receipt, even though treated as a contract, was incomplete, in that it did not purport to contain all of the agreement, since it did not declare what amount arising from the proceeds of the sale of the cotton was to be applied on the note, nor did it fix the time during which, under the receipt, the cotton should be held or when such a sale was to be made; and that consequently the parol evidence was admissible to prove the omitted portions of the agreement, which it is contended are not inconsistent with the stipulations actually contained in the written instrument.

L. D. McGregor, for plaintiff in error.  M. L. Felts, contra.

JENKINS, P. J.  (After stating the foregoing facts.)  Section 5791 of Park's Code provides as follows:  "If the writing does not purport to contain all the stipulations of the contract, parol evidence is admissible to prove other portions thereof not inconsistent with the writing."  The instrument quoted is primarily a receipt; but even though it be such in form, if it embodies also the terms of an agreement, it must be treated as a contract and subject to the rules governing ordinary contracts in writing. *Southern Bell Tel. Co.* v. *Smith,* 129 *Ga.* 558 (59 S. E. 215).  But especially, however, since it is primarily a receipt and only incidentally can be taken to embody other stipulations, the section of the code just quoted should certainly have the fullest application. *Barclay* v. *Hopkins,* 59 *Ga.* 562.  Still, in order to give operation to this rule, it must not only appear from the instrument itself or from the attendant circumstances that the writing, treated as a contract, is incomplete, but that the collateral parol agreement which is invoked does not in any way conflict with or contradict the stipulation actually contained in the writing. · *Forsyth Mfg. Co.* v. *Castlen,* 112 *Ga.* 199 (6) (37 S. E. 485, 81 Am. St. R. 28); *Brosseau* v. *Jacobs' Pharmacy Co.,* 147 *Ga.* 185 (2) (93 S. E. 293).

We do not think that the receipt can possibly amount to a contract full and complete within itself, so as to govern all the terms of the pledge. It appears that the pledge of the cotton was made at the plaintiff's request, in order to secure a past-due note, but under the terms of the receipt the delivery of the cotton manifestly did not amount to a payment, but constituted a pledge, and the pledgee was not permitted to sell immediately the property given as security, but under the express terms of the receipt the cotton was required "to be held." How long this was to be, what extension of credit was thus allowed the defendant in consideration of the security given, is not disclosed. While it does appear from the terms of the instrument that, when the cotton should be thereafter sold, its proceeds should be applied as a payment on the note, this is not inconsistent with the defendant's contention that, in consideration of the giving of such security, the defendant would at that time be entitled to receive a specified credit of not less than the amount actually claimed, to wit, $700. The terms of the incomplete agreement as embodied in the receipt not being inconsistent with such alleged understanding, we think the testimony should have been submitted for the consideration of the jury.

*Judgment reversed. Stephens and Hill, JJ., concur.*