POWELL & COMPANY *vs.* SUBERS & MASSEY.

Where a promissory note was given for a specified amount and contained the statement that "this note is given in consideration of the indebtedness of S. D. Massey to L. Powell & Company, (the payees of the note) which we hereby assume," to a suit thereon, failure of consideration could be pleaded and proved by parol, in that the Massey debt was represented by a promissory note which the plaintiffs were to deliver up to defendants, but failed so to do, and retained both it and the note sued on.

Evidence. Contracts. Promissory Notes. Before Judge SIMMONS. Bibb Superior Court. April Term, 1881.

Powell & Company sued Subers & Massey individually and as a firm, on the following note:

"SPARTA, GA., December 15th, 1876.

On the first day of December, 1877, we, or either of us, promise to pay L. Powell & Company, or bearer, one hundred and eighty-three dollars and sixty-five cents, with interest from January 1st, 1874.

This note is given in consideration of the indebtedness of S. D. Massey to L. Powell & Company, which we hereby assume.

(Signed)          MASSEY & SUBERS.

AMOS A. SUBERS,

ORREN E. MASSEY."

Defendants pleaded the general issue, and a special plea of failure of consideration.

The latter plea was to the effect that S. D. Massey owed Powell & Company, and defendants owed S. D. Massey; that the indebtedness of Massey to Powell & Company was evidenced by a note; that defendants gave the obligation sued on for the accommodation, and at the request of plaintiffs, and that as the consideration thereof the note of Massey was to be transferred and delivered to them; that this was not done, but they were compelled to settle their debt to Massey without deduction; that he has left the state and is insolvent, so that a delivery of the note would now be useless; that the consideration of their note had therefore failed.

On motion the court refused to strike this plea. The same point was raised by objection to evidence and exceptions to the charge of the court.

The jury found for the defendants. The court refused a new trial, and plaintiffs excepted.

HILL & HARRIS; J. A. HARLEY, by HARRISON & PEEPLES, for plaintiffs in error.

BACON & RUTHERFORD, for defendants.

JACKSON, Chief Justice.

The question made is this: On a promissory note sued on by Powell & Company with this *addendum* made part

of it: "This note is given in consideration of, the indebtedness of S. D. Massey to L. Powell & Company, which we hereby assume," is parol evidence admissible to show the indebtedness which was assumed, that the evidence of it was a promissory note held by Powell & Company, which was to be delivered up to the makers of the note sued on, and which was not delivered up, but still retained by Powell & Company? Everybody is agreed that a new and different consideration cannot be engrafted by parol on the note, the consideration of the promise being already expressed on its face; because it would be to add to the written contract. And all are agreed, too, that *the consideration expressed on the face of the paper* may be shown by the makers to have failed, and thus the failure to carry it out be set up and shown by parol as a bar to the suit. So that the task before us is to apply these principles to the facts made in this case, and to rule it accordingly.

The consideration is certain indebtedness assumed. What indebtedness? The contract does not tell us. That it is not a gratuitous promise to assume the debt of another is clear; because the consideration—a consideration for value—is expressed in the note. On the face of the note it is all the indebtedness of Massey, because no part is specified. May not the makers show what that indebtedness was—what all of it was—and then show that it had failed, by showing that it had all been paid by Massey himself since this note was given by these makers? Clearly so, we think. Is it not equally clear that it could be shown what that indebtedness, or the evidence of it was, what sort of security, whether a mortgage or promissory note, or other thing of value, which was available or might be available, and that this consideration never got into the possession of the makers, and had thus failed because the makers did not get the thing for which they agreed to pay this money?

We think so. The makers assumed the debt of another

Powell & Co. *vs.* Subers & Massey.

to the payees, the payees refused and failed to give them the evidence or security which they held for that debt, but held on to it. Can they collect the money out of both ? Clearly this was not the written contract. At least it is ambiguous, and may be explained by parol, and when explained by parol, the proof is that the debt assumed was to be turned over to the makers and was not turned over, and thus the consideration of the promise failed.

Suppose no consideration had been in the paper sued on, but it had been " for value received," what that was, and that it failed, could be proved by parol. Suppose it had been a horse, and the horse had not been turned over but retained, could not that fact be proved, and the failure to deliver the horse be pleaded and proved by parol ? So where the consideration is the debt or indebtedness of another which is assumed by the promissor, the retention of that debt, the failure to cancel it, or in case of its being in the form of a promissory note, to deliver it up, is matter of plea in defense of the recovery, and may be set up and proved by parol.

The very fact that the debt is *assumed* implies that the security for it, other than the assumption of it by the new promissor, if no other consideration is specified, is not to be retained but is to be surrendered, and that the creditor is thenceforth to look for payment to the new parties who have assumed it.

The only doubt in the application of the law to the facts here arises from the expression of the consideration of the note on its face. That is indebtedness, without a stipulation that it is to be cancelled or the evidence of it to be surrendered ; but that is implied, or all events there is such ambiguity about it as to admit parol proof of the meaning of the consideration expressed ; and when we ascertain the true consideration so expressed, the rule of law is clear that it may be proved by parol that it has failed. Therefore we conclude that the court below was right so to hold and that the judgment must be affirmed. We are

unable to see the error in the charge as requested touching the land, and that point was not pressed here; virtually, it 'grows out of and is covered by the other.

Judgment affirmed.

Cited for plaintiffs in error: Code, §§2757, 3762, 3800, 3803, 3806; 50 *Ga.*, 211; 52 *Ib.*, 448; 43 *Ib.*, 167, 190, 423; 54 *Ib.*, 289; 56 *Ib.*, 31: 59 *Ib.*, 113; 60 *Ib.*, 383; 62 *Ib.*, 217; 32 *Ib.*, 372; 30 *Ib.*, 22, 271, 714; 35 *Ib.*, 213; Wade on Notice, 337—341.