REVIERE *et al. v.* EVANS.

The defendant in an action upon a promissory note purporting to have
been given "for value received," and expressing no other consideration,
may by plea set forth what was the real consideration, and allege facts
showing a total or partial failure thereof; and a plea of this nature should
not have been stricken on the ground that it sought by parol to vary the
contract sued on and add to its terms a condition not therein expressed.

Argued October 23, — Decided November 30, 1897.

Complaint on note.   Before Judge Smith.   Wilcox superior
court.   March term, 1897.

Evans sued E. L. and W. H. Reviere on a promissory note
of the defendants, payable to the plaintiff, for $200 principal,
dated January 1, 1895, and purporting to have been given
"for value received."   It contained no further recital as to its
consideration.   The defendants filed a plea which the plaintiff
moved to strike, because it sought to vary the contract sued
upon, by parol, and by attaching to it a condition claimed to
be omitted from it, without any allegation or suggestion of,
fraud or mistake.   The court sustained the motion, and the de-
fendants excepted.   The plea, after denying the alleged indebt-
edness, averred : On April 25, 1892, the defendants purchased
of the plaintiff certain realty (described), it being then, and
as a consideration, agreed that they were to pay plaintiff $700
in four payments, to wit, January 1, 1893, $100, and $200 on
the 1st of January of each year thereafter until the $700 was
paid ; and defendants gave their four promissory notes accord-
ing to said agreement, bearing interest from date.   It was
agreed further that the defendants were to pay to the Interstate
Building & Loan Association the amount due on a loan to
C. W. Ashley on the property purchased.   Plaintiff represented
that the loan had been made on five shares of stock in the as-
sociation, held by Ashley, and that he held five other shares
in the association; that he had the right to carry both the loan
and the other five shares by paying the association $8 per
month until the maturity of the loan and of the other five
shares; that all payments were made to the association up to
the date of said purchase; and that upon the maturity of the

loan and the five other shares the association would be due to the defendants, besides canceling the loan, $500. It was understood between the parties that for something over two years all payments had been made to the association, and that something less than five years would mature the loan and additional shares. As a part consideration for said contract of purchase, the plaintiff was to guarantee them the right to carry the loan and to mature the additional shares by paying the association $8 per month, and all fines that might thereafter be assessed by the association, according to the rules of loan associations. At the time of the trade, however, only five shares in the association were owned by Ashley, the other five shares having been canceled by the association. On the five shares in the name of Ashley there was due $8 per month on account of the loan made to him, and the defendants were required to pay $8 per month, and got no credit therefor, except as a repayment on the loan. Defendants have now paid the loan in full. By reason of the fact that the additional five shares over the loan five shares were not owned by Ashley at the time of the defendants' purchase, they could not, by paying $8 per month, get back from the association $500 after the expiration of five years, and the consideration of the trade failed to the amount of $500. The notes sued on were given by the defendants in renewal of their notes given at the time of the purchase, in consideration of the contract of purchase, and were given before knowledge of the failure of consideration came to the defendants; wherefore defendants pray that the purchase-price aforesaid be abated in said sum of $500.

*Cutts & Lawson*, for plaintiff in error.
*D. B. Nicholson* and *Allen Fort*, contra.

LUMPKIN, P. J.    The headnote filed in this case requires no elaboration. It has often been held that the words "for value received," in a promissory note, are ambiguous and open to explanation by parol. It is beyond doubt allowable for the defendant in an action upon such a note to set forth by a proper plea what was the real consideration, and allege facts showing that it failed in whole or in part. Permitting this can in no

sense be regarded as allowing the defendant to vary by parol the terms of a valid written instrument. Taking as true the allegations of the plea, it set forth a defense to the plaintiff's action, and it was therefore error to strike it on the ground specified, viz.: "that it sought by parol to vary the contract sued on and add to its terms a condition not therein expressed."

*Judgment reversed. All the Justices concurring.*