## LEVERETT *v.* BULLARD.

1. Parol evidence is admissible to explain ambiguities in a deed, and when so explained the deed is admissible as foundation for a recovery in an action of ejectment.

2. "Whenever in a conveyance the deed refers to monuments actually erected as the boundaries of the land, it is well settled that these monuments must prevail, whatever mistakes the deed may contain as to courses and distances."

3. It does not appear that there was any error in the admission or rejection of evidence; the exceptions to the charge of the court are without merit; and the evidence warranted the verdict.

Argued November 26,—Decided December 21, 1904.

Complaint for land. Before Judge Lewis. Jasper superior court. January 11, 1904.

*W. F. Jenkins & Son* and *J. D. Kilpatrick*, for plaintiff in error.
*Greene F. Johnson*, contra.

CANDLER, J. This was a statutory action of ejectment, brought by Mrs. Bullard against her stepmother, Mrs. Leverett. The jury found for the plaintiff the premises in dispute and mesne profits. The defendant made a motion for a new trial, which was overruled, and she excepted. The parties claimed under a common grantor, W. C. Leverett, father of the plaintiff and husband of the defendant. The deed relied upon by the plaintiff contained a description by metes and bounds, which was manifestly erroneous, inasmuch as it would be impossible, by following the courses laid out, to get back to the point from which the description started. The plaintiff contended that the ambiguity in the deed arose from the fact that the scrivener, by a clerical error, described one of the lines as running in a northeasterly direction to a rock corner, when he should have described it as running in a northwesterly direction to that point. The questions for our determination are, whether the description in the plaintiff's deed was so vague and uncertain as to render it inadmissible in evidence, whether parol evidence was admissible to explain the ambiguity and establish the true boundaries of the land sought to be conveyed by the deed in question, and whether certain charges of the court of which complaint is made were erroneous.

We are clear that parol evidence was admissible to explain the ambiguity in the deed, and that as thus explained the deed was

admissible as a muniment of title upon which the plaintiff could base a recovery. "Where the question whether a given deed is good as color of title depends upon whether it covered the land in dispute, and its terms are in this respect ambiguous, parol evidence is admissible to show that it did in fact apply to such land." *Mayor of Chauncey* v. *Brown*, 99 *Ga.* 766. The jury were amply warranted in finding that if, indeed, the draughtsman of the deed under which the plaintiff claimed used the word "northeasterly" by mistake for "northwesterly," the land conveyed by the deed was the same as that described in the declaration. The termination of this line was a rock corner, which was clearly identified by different witnesses for the plaintiff. "If capable of identification, artificial monuments and old marks will generally control conflicting calls for courses and distances." 5 Cyc. 921, and cases cited in note 11; *Riley* v. *Griffin*, 16 *Ga.* 142 (15). If this evidence was admissible, then, as we hold that it was, the description in the plaintiff's deed, as aided thereby, was sufficiently definite to constitute the basis of a recovery in an action of ejectment; for it is well settled in this State that a deed will not be declared void for uncertainty so long as the intention of the grantor can be ascertained. The doctrine id certum est quod certum reddi potest here applies. See *Andrews* v. *Murphy*, 12 *Ga.* 431; *Gress Lumber Co.* v. *Coody*, 94 *Ga.* 520; *Mayor of Chauncey* v. *Brown*, 99 *Ga.* 766; *Tumlin* v. *Perry*, 108 *Ga.* 520; *Horton* v. *Murden*, 117 *Ga.* 72; *Brice* v. *Sheffield*, 118 *Ga.* 128. These are only a few of many cases that might be cited in support of the ruling here made.

On the examination of the defendant as a witness in her own behalf it appeared from her testimony that the family of the plaintiff had for a time occupied the premises in dispute, but that they left at the request of Leverett, the common grantor of the parties. Counsel for the plaintiff objected to this testimony as irrelevant, and the court ruled: "You can show by the witness that they left, and left at the request of Mr. Leverett. I will let the evidence go in to that extent and no further." In her motion for a new trial the defendant complains that the court erred in thus restricting the evidence, insisting "that said evidence should have been admitted for all purposes, and especially for the purpose of showing that W. C. Leverett claimed the right of adverse posses-

sion of the property," etc.    We fail to see what cause for complaint the defendant has.    The evidence was admitted for what it was worth, and there was nothing in the ruling made by the trial judge to prevent counsel from drawing whatever inference he chose from the evidence as given.    While the judge used the language, "I will let the evidence go in to that extent and no further," he in no sense restricted its probative force.

Error is also assigned upon the refusal of the judge to allow a witness to answer a stated question set out in the motion for a new trial; but while the answer expected from the witness was set forth in the motion, it does not appear that like information was given to the judge at the time the ruling was made; and for this reason we can not consider this ground.    *Freeman Co.* v. *Mencken,* 115 *Ga.* 1017 (2); *Grant* v. *Noel,* 118 *Ga.* 258 (2).

The remaining grounds of the motion complain of alleged error in the charge of the court.    They are, in our opinion, without merit.    The charge to the effect that if the jury should find that the plaintiff's deed covered the land in dispute, the deed to the defendant from the same grantor, which was ten years subsequent to it in date, would not establish a superior outstanding title in the defendant, stated a correct principle of law.    After title passed out of the grantor to Mrs. Bullard, it could not vest again by prescription in him or those claiming under him adversely to the plaintiff until after twenty years adverse possession.    The other extract from the charge to which exception is taken was quite long, and contained a statement of numerous principles of law, some of which, to say the least, were undeniably correct.    The complaint against the charge seems to be that the court left it to the jury to determine the disputed issue as to the description of the land conveyed by the plaintiff's deed, instead of undertaking to settle the question as matter of law without the aid of the jury. It is always, of course, the province of the court to determine the legal effect of a written instrument; but we are not aware of any law which requires or authorizes a judge to settle a disputed question of fact as to the intention of the grantor in a deed where the description therein is ambiguous.    The evidence for the plaintiff warranted the finding in her favor, and the verdict was not contrary to law.    *Judgment affirmed.    All the Justices concur.*