Fulmer v. Bates.

J. D. FULMER *v.* W. H. BATES.

(*Jackson.* April Term, 1907.)

**DEEDS OF CONVEYANCE.** Call for street or alley not owned by grantor is not implied warranty of existence thereof.

A grantor who does not own the street or alley which his deed describes as bounding the property conveyed, or who does not own the land so described as the street or alley is not bound as impliedly warranting the existence of the street or alley by his general warranty deed with covenants of seizin of the property described, especially where he made no misrepresentations as to the existence of the street or alley, but believed it existed, as unopened, from references to it in the deeds under which he claimed.

Cases cited and approved: Scott v. Cheatham, 12 Heisk., 720. Howe v. Alger, 4 Allen, 206.

Cases cited and distinguished: O'Linda v. Lothrop, 21 Pick. (Mass.), 292; Parker v. Smith, 17 Mass., 415.

FROM SHELBY.

Appeal from the Chancery Court of Shelby County.— F. H. HEISKELL, Chancellor.

FINLAY & FINLAY, for Fulmer.

BARTELS & TREZEVANT. for Bates.

MR. SPECIAL JUSTICE HENDERSON delivered the opinion of the Court.

Defendant, Bates, for the consideration of $7,750, conveyed by deed to complainant, Fulmer, certain real estate in Memphis by the following description:

"Lots Nos. 1 and 2 of part of lot 5, block 53, of the plan of South Memphis, fronting 37½ feet, each, on the south side of Linden street, and running back south, between parallel lines, 154 feet, to a twenty-foot alley in the rear."

The claim is that no alley of any kind exists, or ever existed, in the rear of said lots, and that the covenants of said deed have been breached by defendant; that complainant has been damaged thereby in the sum of $2,100; and the bill is filed to recover therefor. The deed contains the usual covenants of seizin, right to convey, nonincumbrance, and general warranty.

Defendant denies liability; claiming that by the deed which he executed he gave no guaranty or warranty of the existence of said alley, and alleging that the soil in the rear of said lots did not belong to him, and that the reference to the alley in the deed was simply descriptive.

The chancellor dismissed the bill, and complainant has appealed.

The error assigned is that the court erred in holding that complainant was not entitled to any relief, and in dismissing his bill, and in not holding that he was en-

titled to recover damages from defendant for breach of covenant.

In certain partition proceedings in the chancery court of Shelby county lot No. 1 had been allotted and set apart to Mrs. Flora Meyer and lot No. 2 to Mrs. Lena Bakrow, both of whom had conveyed to defendant; and his deed to complainant refers to these partition proceedings and deed for description of the property. The deeds from these two to defendant contain the same description of the lots as that in his deed to complainant; both calling for a twenty-foot alley in the rear. Defendant did not, as a matter of fact, own the land in the rear of the lots conveyed by him.

Counsel makes the following stipulation:

"In this cause, for the purposes of saving trouble and expense, it is agreed that the following are facts and may be treated as proved in the cause by the complainant.

"The tract, composed of the two lots sold by defendant to complainant and described in the bill and the two lots in the rear of the same, running from Linden street to Pontotoc street, is inclosed as one lot by fences on its four sides and used by the occupants of the house standing on the lots afterwards sold to complainant as aforesaid. This inclosure was made prior to 1884, and was continuously maintained until the conveyance, Exhibit A to the bill herein. There was never any alley of any description in the rear of said lots sold complainant, and the strip on the south

side thereof was a part of the inclosure aforesaid. Said strip was never used by the public or private individuals as an alley."

The matter of the existence of the alley in the rear was discussed by the parties before the execution of the deed; and complainant, being doubtful about its existence, consulted his attorney, who advised him that the alley did exist.

The only reference to the alley in the deed is that first above quoted therefrom, giving the description of the lots. The habendum clause is as follows:

"To have and to hold the aforesaid lots or parcels of land, with all and singular the improvements, easements, hereditaments, and appurtenances of and to the same belonging or in any wise appertaining, to the said J. D. Fulmer, and to his heirs and assigns, forever, in fee simple."

This is followed by covenants of seizin and general warranty.

The record presents the question as to whether the language of the deed referred to constitutes a covenant that there was a twenty-foot alley in the rear of the lots, when the defendant did not own the soil upon which it is claimed that the alley should be.

There is no express covenant in the deed that defendant owns the alley referred to, and as a matter of fact he did not.

In 3 Washburn on Real Property, p. 412, it is said:

"A reference to a street or way as a boundary of

land granted, though it might estop the grantor from denying the existence of and a right to use such street or way by the grantee, provided the grantor was the owner of the land so described as a street or way, would not amount to an implied covenant that it did or would exist as such street or way."

This authority is cited in *Scott* v. *Cheatham,* 12 Heisk., 720, where it is said "that such reference to the streets and alleys as boundaries would not amount to an implied covenant that they did or would exist as such streets or alleys. On this point, however, there is an apparent conflict in the authorities. Mr. Washburn says that in *Van O'Linda* v. *Lothrop,* 21 Pick. (Mass.), 292, 32 Am. Dec., 261, it held that such reference would amount to an implied covenant on the part of the grantor that there were such streets and alleys. This probably means no more than that the grantor is estopped from denying the existence of such streets and alleys."

There is a marked distinction between the case of a grantor who owns the street or alley which his deed describes as bounding the property conveyed, and one who does not. In the former case, although there may not be an express warranty on the subject, the grantor is estopped from denying the existence of the street or alley. In the latter case, the reference is only descriptive, and no warranty is implied. The conflict of authorities on this subject is more apparent than real,

dependent upon into which of the two classes the cases fall.

*Parker* v. *Smith,* 17 Mass., 415, 9 Am. Dec., 159, is cited by appellant, where it is said:

"The principal question in this case arises upon the construction of the deed of Joseph Russell to Benjamine Taber, in which he conveys a piece of land in what is now the town of New Bedford, bounding it southwardly or westwardly on a way or street. By this description the grantor and his heirs are estopped from denying that there is a street or way to the extent of the land on those two sides. We consider this to be not merely a description, but an implied covenant that there are such streets. It probably entered much into the consideration of the purchase that the lot fronted upon two ways, which would always be kept open, and, indeed, could never be shut without a right to damages in the grantee or his assigns."

This case is reviewed by the same court in *Howe* v. *Alger,* 4 Allen, 206, where it is said:

"The case of *Parker* v. *Smith,* 17 Mass., 413, 9 Am. Dec., 159, is a leading case upon this subject.

"The premises there conveyed were described as bounded on two sides by streets. The grantor was the owner in fee of the contiguous land that would have formed the two streets. The defendants, who claimed under the grantor, denied the grantee any rights as to the use of the contiguous land for a street or way.

"That court say that 'the grantor and his heirs are

estopped from denying that there is a street or way to the extent of the land on those two sides. We consider this to be, not merely a description, but an implied covenant that there are such streets.'

"We here find the first use of the language that such a boundary upon a street is an 'implied covenant' that such streets exist.

"It was used in reference to a conveyance where the grantor was the owner of the adjacent land, embracing the so-called street.

"It was used in the case of an estoppel as respects the grantor, and upon that ground alone, the grantee might well maintain his right to the maintenance and use of a street. The further remark, as to the existence of an implied covenant, may reasonably be presumed to have been applied to the case there presented of a grantor being the owner of the land described as a street."

In *Howe* v. *Alger,* it is held that if land be conveyed as bounding on a street, and the grantor has no interest in the adjacent land so described, this does not amount to an implied covenant that there is such a street laid out. After a discussion of a number of authorities on the subject, the court says:

"Without a further or more extended examination of the cases cited by the plaintiff, it is sufficient to say that in all the cases cited under this head the grantor was the owner of the adjacent land described in the

boundary as a street or way, and that the decision of the cases in favor of the various grantees required nothing further than the application of the doctrine of estoppel to the grantors and those claiming under them to deny the existence of the street."

There was no misrepresentation by defendant in his sale to complainant in this case. He believed that there was a twenty-foot alley in the rear of the lots, though it had never been opened. The partition proceedings and deeds under which he claimed called for the alley. The attention of complainant was called to the matter before he accepted the deed. Being in doubt about the existence of an alley, he consulted his attorney. In order to maintain his claim for damages against defendant, he should have required an express covenant on the subject. Failing to do so, none will be implied from a mere description given in the deed.

It results that there is no error in the decree of the chancellor, and it is affirmed.