BROSSEAU *v.* JACOBS' PHARMACY COMPANY *et al.*

1. The court erred in admitting parol evidence to show a verbal collateral agreement which added to and varied a written contract which was unambiguous and complete, and in admitting evidence to show motive for the execution of the contracts; and the judgment refusing a new trial must be reversed in so far as it applies to the cancellation of the contract for the purchase of stock in the corporation.

2. The evidence authorized the finding that the contract of employment had failed; and the court did not err in rendering the judgment of cancellation in regard to that contract.

No. 781. JANUARY 15, 1919.

Equitable petition. Before Judge Bell. Fulton superior court. December 6, 1917.

*Little, Powell, Smith & Goldstein,* for plaintiff in error.

*C. T. & L. C. Hopkins* and *John L. Hopkins,* contra.

GILBERT, J. When this case was last before us the facts, as they then appeared, were fully reported. *Brosseau* v. *Jacobs' Pharmacy Co,* 147 *Ga.* 185 (93 S. E. 293). Because of the admission of parol testimony varying the terms of the written contracts, the judgment refusing a new trial was set aside. The contracts sought to be canceled were then held to be separate contracts, and not dependent one upon the other. It was held that they were unambiguous and complete, and that the evidence on the admission of which error was assigned did vary the written contracts. Before the return of the remittitur the plaintiffs amended their petition by alleging, among other things, that the two written instruments were obtained by fraud on the part of Brosseau; that they were parts of one contract; that neither was in itself a complete contract; and that the contract for the sale of stock in the Jacobs' Pharmacy Company was dependent upon the faithful performance of the contract for personal services to that company. Over objection, parol testimony was admitted for the purpose of proving these allegations; and also to show the motive which moved Dr. Jacobs to execute the contracts. A judgment annulling both con-

tracts was rendered by the court, to whom the cause was submitted without the intervention of a jury. The amendment offers no reason or basis for the admission of the testimony which did not already exist. The allegations of fraud and the evidence offered in support thereof are insufficient to afford cancellation. The contracts speak for themselves; and mere allegations that either of them was ambiguous or incomplete can not change the facts which have already been adjudicated. The former decision is the law of the case; and in view of what was then said by Presiding Justice Evans it is unnecessary to enter into another discussion of the principles of law involved.

2. The evidence on this, as on the former trial, authorized the finding that the contract of employment between Brosseau and the Jacobs' Pharmacy Company had failed, and the judgment cancelling that contract will not be set aside.

Other matters pleaded in the amendment are not herein stated. There was no judgment concerning them by the trial court. The judgment rendered was for the cancellation of both contracts. It is ordered that the judgment be reversed in so far as it undertakes to cancel the contract between Brosseau and Dr. Joseph Jacobs for the purchase of certain shares of stock in the Jacobs' Pharmacy Company, and affirmed in so far as it cancels the contract of employment between Brosseau and Jacobs' Pharmacy Company.

*Judgment reversed in part, and affirmed in part. All the Justices concur.*