R. M. Shaver *et al.* *v.* Title Guaranty & Trust Co.

(*Knoxville,* September Term, 1931.)

Opinion filed November 14, 1931.

W. T. MURRAY, for plaintiff in error.

CANTRELL, MEACHAM & MOON, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

It is alleged in plaintiff's declaration that in March, 1923, the defendant corporation, doing an abstract and title guaranty business, was engaged by the plaintiff to prepare and enter into a title guaranty contract indemnifying plaintiff against defects in the title to a certain lot which was described as fronting 125 feet on the south side of Blackford Street. In substance, the declaration, with its amendments, charges that this engagement or contract to execute and deliver to him a valid and proper title guaranty was negligently performed, in that it subsequently developed that the lot in question did not front on Blackford Street, that said street was so located that it did not bound said lot at

all, and that the strip running along the south side of the lot referred to in the deed to plaintiff, and in the title guaranty, as Blackford Street was in fact privately owned and was later closed, so as to cut off all right of ingress and egress to said lot therefrom, thus consequentially damaging plaintiff. This is the first cause of action set up.

It is further, and as a second ground of action, alleged in substance that the plaintiff has been evicted by the closing of said strip of land referred to in the title guaranty as a street, and that a right of recovery for damages thus arises.

The Chancellor sustained a demurrer to the declaration and dismissed the suit. As to the first ground of recovery the six year limitation statute was relied on and sustained, and in this we think there was no error.

Conceding that the action was not brought until more than six years after the title guaranty was executed, it is insisted for the plaintiff that the supposed street was not closed until within the six year period, and that the facts alleged bring the case within the rule which dates the running of the statute from the accrual of the consequential injury resulting from the closing of the street and not from the time of the making of the engagement or contract. *State for use of Cardin* v. *McClellan,* 113 Tenn., 616, and other authorities to the same effect are relied on. Also expressions in *Bodne* v. *Austin,* opinion by MR. JUSTICE SWIGGART, 156 Tenn., 366. The rule relied on is not applied so as to date the running of the statute from the arising of the consequential damage in case of negligent performance of a contract, or neglect of some duty imposed by contract. The distinction is discussed and clearly brought out in 37 C. J., page 863, Par. 228. Therein it is said that:

"A line of demarcation exists, however, between actions based upon the violation of some contractual right or duty and those based on the invasion of some other legal right or brought to recover consequential damages resulting from defendant's negligence or wrongdoing independent of any contractual relation."

In the following paragraph contracts to make abstracts of title, analogous to the matter here involved, are specifically referred to and dealt with, and it is very clearly set forth that the right of action accrues at the date of the negligent performance, that the statute of limitations then begins to run, not when the error is discovered, or consequential damage results. Many cases are cited in the note sustaining this distinctive rule. The general language used in our cases above cited and relied on for plaintiff is subject to this exception and distinction.

 The demurrer meets the second ground of recovery with the defense that the reference to Blackford Street as bounding the lot on one side is a matter of description only of the location and that the eviction complained of as the result of the closing of this supposed street was not an eviction from any part of the lot of ground as to which the title was guaranteed. Counsel for the defendant insist that the rule is correctly stated in 7 R. C. L., Page 1098, wherein it is said that "merely describing property sold as bounded by a way does not constitute a warranty that the way exists, if the grantor does not own the land on which it is supposed to be located." Tiedeman (2 Ed.), Sec. 877, is to the same effect. "If the grantor does not own the land, no covenant will be implied from a reference to the street for the purpose of description." See also

3 Washburn on Real Property, page 412, and 2 Wash. page 722. The defendant particularly relies on as determinative our own case of *Fulmer* v. *Bates,* 118 Tenn., 731, reported, and with a note approving, in 10 L. R. A. (N. S.) 964.

We are of opinion that these authorities are decisive of this issue. They conclusively hold that a grantor under a warranty deed with all usual covenants is not liable for a misdescription with respect to a boundary street, or way, which may be thereafter closed against the grantee. We are unable to distinguish in the application of this rule between the liability of a grantor and that of a title guaranty indemnitor such as is here sued on. The principle appears to be applicable alike to both classes of cases.

It is true, as argued for plaintiff, that the object of a purchaser in procuring an abstract of title, or a guaranty of title, is to secure himself additionally in the performance of the obligations of the grantor, but we think his security, while so increased is thus limited, that is, it indemnifies only as to the title which the grantor has undertaken to convey and for which he has made himself responsible. It is obvious that learned counsel for the plaintiff appreciates the probable application of the decision of this court in *Fulmer* v. *Bates, supra,* insisting that that decision is unsound upon principle and should be overruled. To this we cannot agree. Not only has the holding in that case now become a rule of property in this State, but, as heretofore indicated, it is a generally recognized and approved rule in other jurisdictions.

It results that we find no error and the judgment must be affirmed.