DYE *v.* DOTSON.

2

No. 15484.  JULY 3, 1946.

*C. L. Pilcher* and *J. Cecil Davis,* for plaintiff in error.

*W. Tom Veazey* and *T. R. Burnside,* contra.

HEAD, Justice. (After stating the foregoing facts.) ■ In a statutory complaint for land by ejectment the issue is, did the plaintiff at the time the suit was filed have a legal title to the premises, or any estate, or interest in them, coupled with the then pres-

4

ent right of entry as against the defendant? Where, as here, it appears that the plaintiff and the defendant are coterminous owners deriving title from a common grantor, and the lands claimed by the plaintiff adjoin lands of the defendant, the question is resolved into one as to the location of the boundary line between such coterminous owners. *Barfield* v. *Birnick,* 151 *Ga.* 618 (108 S. E. 43); *Peeples* v. *Rudulph,* 153 *Ga.* 18 (111 S. E. 548).

After a verdict and decree for the plaintiff, the defendant can not under the general grounds of a motion for new trial call into question the description of the land claimed by the plaintiff in her petition. Such attack, if made, must be by general demurrer or motion to dismiss in the nature of a general demurrer before verdict. *Harbin* v. *Hunt,* 151 *Ga.* 60 (105 S. E. 842).

A boundary line acquiesced in by coterminous owners and their possession regulated by it for twenty or more years is conclusive upon the parties and those claiming under them. *Watt* v. *Ganahl,* 34 *Ga.* 290. Where such boundary line between coterminous owners is unascertained or disputed, it may be established by agreement accompanied by possession, or it may be established by acquiescence by acts or declarations of the adjoining owners as provided by the Code, § 85-1602. *Farr* v. *Woolfolk,* 118 *Ga.* 279 (45 S. E. 230); *Hatch* v. *Miller,* 179 *Ga.* 630 (176 S. E. 631). When a line has been located and established by seven-years' acquiescence as provided by the Code, § 85-1602 the line thus located and established is binding on the grantees of the coterminous owners. *Osteen* v. *Wynn,* 131 *Ga.* 209 (4) (62 S. E. 37, 127 Am. St. R. 212); *Gornto* v. *Wilson,* 141 *Ga.* 598 (81 S. E. 860). In this case there was ample evidence, if believed by the jury (as it appears to have been), to authorize a finding that Richard Tucker and Mrs. M. J. Persons, predecessors in title of the plaintiff and the defendant, had recognized an old rail fence as their boundary line for many years, and that such line had been acquiesced in by the predecessors in title of the plaintiff and the defendant for more than twenty years.

"Disputed lines between adverse claimants of land, and questions of where old fences stood in the past, and how long they stood in certain localities, are peculiarly questions of' fact for the jury." *Shiels* v. *Lamar,* 58 *Ga.* 591. In the determination of the boundary between two tracts of land the jury are not obliged to govern

their findings by recent surveys rather than by evidence of an old rail fence recognized by the former owners as the boundary line. *Roberts* v. *Ivey,* 63 *Ga.* 622. The correct location of the boundary line in this case was a question of fact for the jury, and their verdict was amply supported by the evidence.

■ Grounds 1, 2, and 3 of the amended motion for new trial complain of the admission of testimony by H. R. Hall, John Wood, and J. F. Norris, in regard to the location and existence of an old rail fence, claimed by the plaintiff to be the boundary line, and cultivation by Richard Tucker to the old fence for a period of many years. The testimony was admitted over the following objections: (a) The deeds are the highest and best evidence; (b) parol testimony is inadmissible in an ejectment suit in variance of the terms of the deed; (c) the evidence was hearsay; (d) testimony quoting Tucker was a self-serving declaration; (e) the testimony was parol, to set up an equitable title when no such title was alleged; and (f) it was irrelevant in the absence of an allegation setting up prescriptive title.

In this case the plaintiff holds her lands under the will of her father, Richard Tucker. The deeds to Tucker described the property conveyed only by adjoining landowners. Since the deeds are ambiguous as to the location of any boundary line, parol evidence was admissible to show the location of the line in dispute. *Mayor of Chauncey* v. *Brown,* 99 *Ga.* 766 (26 S. E. 763); *Follendore* v. *Follendore,* 110 *Ga.* 359 (35 S. E. 676); *Leverett* v. *Bullard,* 121 *Ga.* 534 (49 S. E. 591); *Thompson* v. *Hill,* 137 *Ga.* 308, 317 (3) (73 S. E. 640); *Union Central Life Ins. Co.* v. *Smith,* 184 *Ga.* 158 (190 S. E. 651).

Acquiescence in a boundary line for seven years, by acts or declarations of the adjoining landowners will establish a boundary line (Code, § 85-1602), and actual possession by the respective owners up to the line may show acquiescence in the line. *Tietjen* v. *Dobson,* 170 *Ga.* 124 (152 S. E. 222, 69 A. L. R. 1408). The evidence was admissible as tending to show recognition and acquiescence by the predecessors in title of the plaintiff and the defendant in the old rail fence as the boundary line between their properties for many years; and such evidence would not be inadmissible as tending to show a prescriptive title in the plaintiff, which was not made an issue by the pleadings.

**6**

None of the three witnesses quoted Richard Tucker. All were testifying as to the rail fence, when it was built, how long it stood, and as to its location. "Traditionary evidence as to ancient boundaries and landmarks shall be admissible in evidence, the weight to be determined by the jury according to the source whence it comes." Code, § 38-313. In *Riley* v. *Griffin,* 16 *Ga.* 141 (60 Am. D. 726), it was held that from the actual necessities of the case boundaries may be proved by hearsay. The testimony of the three witnesses with reference to the rail fence was germane to the issue as to the location of the boundary line, and was not subject to the objections made.

■ In amended ground 4 of the motion for new trial objection is made to the following excerpt from the charge of the court: "She contends that she derived her title to this particular property through the Messrs. Cason, by warranty deed, and that the southern boundary of this deed went to a certain fence which separated her land from land of Mrs. Persons, and she contends that her line went to and included that land down to the fence. She contends, gentlemen, that that has been a recognized line between her and Mrs. Persons, and that she is now claiming that under her deed, ever since it was purchased, and has been cultivating the land until recently up to where the old original fence was, as she contends." The errors assigned are: (a) Because it was confusing, the sole issue being who had paper title to the land involved, and it was not a question of possession or prescriptive title; and (b) it presented an issue not made by the pleadings—prescriptive title.

If the rail fence, which was shown by some evidence to have stood for more than a quarter of a century, was recognized and acquiesced in, during such time as the boundary line, by the co-terminous owners, Richard Tucker (predecessor in title of the plaintiff) and Mrs. M. J. Persons (predecessor in title of the defendant), then each of the litigants would be bound by the acquiescence of his or her predecessor in title. "The acquiescence rule in the Code section [85-1602] will in no case create or establish title; but where a proved title, by a fair construction, will embrace the lands up to the line established by acquiescence, then under this section title comes from the source proved, and the acquiescence fixes the dividing line." *Veal* v. *Barber,* 197 *Ga.* 555, 563 (30 S. E. 2d, 252). There was evidence of acquiescence for more than twenty

years by Mrs. Persons and Richard Tucker in the rail fence as the boundary line; and it was proper that the court should submit to the jury the issue of acquiescence. The charge complained of was with reference to a "recognized line" and acquiescence by the predecessor in title of the defendant. The charge was adapted to the real issue, the location of the boundary line between the plaintiff and the defendant, and was not erroneous.

■ In ground 5 of the amended motion, error is assigned on the following charge: "Now, I charge you, gentlemen, if you believe that under the evidence in the case the deeds they received from the Messrs. Cason in this case did include those particular tracts of land, in that event I charge you that it would be your duty to return a verdict in favor of the plaintiffs in these cases, unless you should further believe that the title which Mr. Dye holds covers the same particular property. And in that case the priority of deeds would control and Mr. Dye's deeds are older, and his deed would be older, and he would be entitled to recover the property, provided you find the line of his north boundary is where he contends it is." The objection to the charge is: Because the words, "provided you find the line of his north boundary is where he contends it is," placed a burden on the defendant greater than required by law; the plaintiff's contention being that she acquired title from the common grantors, that no allegation was made that she acquired title by prescription, and that if such charge had not been given, the verdict would have been for the defendant.

We fail to see how this charge could have been harmful to the defendant. The court was instructing the jury on priority of deeds. After charging them that Mr. Dye's deed was older and that he would be entitled to prevail if his deed covered the property, it was not error to add, "provided you find the line of his north boundary is where he contends it is." Since the defendant had admitted possession of the property in his answer, and claimed that he was the owner, under the pleadings and evidence the jury might have found that the defendant was the owner of the property in dispute; but, to do this, they necessarily would have had to find that the line of his property extended to and included the land in dispute. The defendant by his answer and evidence raised the issue as to his ownership of the disputed property, and the charge complained of was not erroneous for this reason.

8

■ In amended ground 6 error is assigned on the following charge: "Now, you take all the evidence in the case, gentlemen, and go to your room and consider your verdict. These are the papers here, the two at the top, and this one. You will disregard everything else in here except as bearing on these particular tracts of land. You will disregard all these other tracts of land. Don't disregard the will, but disregard all these other tracts of land there. You may go to your room, gentlemen." Movant contends that the charge was error, "because it was confusing to the jury and withdrew from their consideration all the tracts of land involved in the case except the tracts of land that passed under the will of Richard Tucker. The entire lands of Richard Tucker which passed under his will were not in issue."

The court in the charge excepted to gave the jury certain documentary evidence. It is not shown what papers were sent out. It does not appear that counsel offered any objection to the exclusion of documentary evidence, if any was improperly excluded, nor is it shown how the charge was confusing. The ground is not so complete as to be the basis of any ruling on the exclusion of evidence or issues.

■ In ground 7 of the amended motion the "movant contends that the verdict of the jury was unsupported by the evidence . . since the sole issue to be tried in the case was the question as to who had the better title from the common grantor and . . there was no evidence to support the verdict that the sixty-two-acre tract of land was even contiguous to the forty-one-and-one-fourth-acre tract of land, and therefore it would have been a physical impossibility for the land of Mrs. M. J. Persons to have been the adjoining tract of land to the sixty-two-acre tract claimed by Ellen Dotson." Extracts from deeds and quotations from the evidence are set out in the ground in support of the contention made. Since this ground attempts to set up a reason why the verdict of the jury was not supported by the evidence, it is a mere amplification of the general grounds.

Each ground of a motion for new trial must be complete within itself, and should plainly and distinctly set forth the error complained of. *Fidelity & Casualty Co.* v. *Geiger,* 142 *Ga.* 438 (83 S. E. 92); *Daniel* v. *Schwarzweiss,* 144 *Ga.* 81 (86 S. E. 239); *Pepper* v. *Pepper,* 169 *Ga.* 832 (152 S. E. 103); *Price* v. *State,*

170 *Ga.* 294 (3) (152 S. E. 572) ; *Jones* v. *Jones,* 196 *Ga.* 492·
(26 S. E. 2d, 602) ; *Harrison* v. *Lovett,* 198 *Ga.* 466, 473 (31 S.
E. 2d, 799). "Grounds of a motion for new trial which are vague,
indefinite, and uncertain will not be ruled upon by this court."
·*Dorsey* v. *Dorsey,* 189 *Ga.* 662 (7 S. E. 2d, 273).

In the above ground it is not shown how or in what way it is
material whether or not the 62-acre-tract is contiguous to the
41-1/4-acre tract, nor is it shown how or in what way the latter
tract is in any way related to the issue as·to the location of the
boundary line, and no injury or harm to the defendant is shown
in this ground. Therefore it presents no issue for determination
by this court.

■ Ground 8, contending that the verdict is contrary to the evi-
dence, is an amplification of the general grounds. In this excep-
tion the movant contends that the deed from the common grantor
to him was given before the deed under which the plaintiff claims,
that the deed sets forth in certain terms the definite boundary line
between the plaintiff and the defendant, and that the undisputed
evidence shows that the fence was on the line called for by metes
and bounds in the deed under which the defendant holds. (Evi-
dently the plaintiff in error is referring to the deed from the com-
mon grantors to his predecessor in title, since his deed from Mrs.
Persons gives a description of the land conveyed to him, only by
adjoining landowners.) He claims that the only evidence which
would vary the line as claimed by him was evidence of prescrip-
tion and cultivation; and that this evidence was inadmissible, since
the plaintiff was basing her action on her alleged superior title to
the land involved under a deed from the common grantor, and
made no allegation of prescription or cultivation.

In division 2 of this opinion we have ruled that the evidence
complained of by the defendant was not evidence of prescription,
but was evidence tending to show the location of the boundary line,
and was admissible. The evidence was sufficient to establish the
line claimed by the plaintiff.

*Judgment affirmed. All the Justices concur.*