BROWNE *et al* v. JOHNSON.

CANDLER, Justice. This is a suit to recover a described parcel of land containing about one and one-half acres. The parties are coterminous landowners, claiming under a common grantor. The plaintiff obtained his deed in 1925; the defendants, in 1916. The plaintiff pleaded title by deed, by prescription, and by acquiescence in a boundary line for seven years. The defendants relied solely upon their deed. The jury returned a verdict for the plaintiff. The defendants made a motion for new trial based on the usual general grounds and on special grounds complaining about the charge, the failure of the court to submit the issues in question form to the jury, and the admission of oral testimony tending to show a boundary line at a location different from that contained in the plaintiff's deed. The amended motion for new trial was overruled and the exception here is to that judgment. *Held:*

1. Actual adverse possession of lands by itself for twenty years will give good title by prescription. Code, § 85-406. See also *Rock Run Iron Co.* v. *Heath,* 155 *Ga.* 95 (2) (116 S. E. 590).

2. The Code provides in distinct terms that acquiescence for seven years by acts or declarations of adjoining landowners shall establish a dividing line. Code, § 85-1602. See also *Farr* v. *Woolfolk,* 118 *Ga.* 277 (45 S. E. 230); *Sikes* v. *Mutual Benefit Life Insurance Co.,* 182 *Ga.* 858 (187 S. E. 61). And actual possession by the respective owners of land up to a line is sufficient to show acquiescence in the dividing line. *Tietjen* v. *Dobson,* 170 *Ga.* 124 (152 S. E. 222, 69 A. L. R. 1408); *Dye* v. *Dotson,* 201 *Ga.* 1 (39 S. E. 2d, 8).

3. The evidence in the instant case demanded a verdict in favor of the plaintiff. Upon the theory of prescription, the testimony shows, without

dispute, that the plaintiff had been in actual adverse possession of the land in question for more than twenty years immediately before the present suit was filed, and that his possession had been open, notorious, exclusive, uninterrupted, and under a claim of right. And upon the theory of acquiescence, the uncontradicted evidence of the plaintiff showed that his tract and the defendants' tract were separated by a fence which the parties had since 1925, both by acts and declarations, recognized as the boundary line between their respective lands.

4. The special grounds of the amended motion for new trial are not meritorious. *Judgment affirmed. All the Justices concur.*

No. 16436. JANUARY 10, 1949.

*H. H. Browne* and *Thomas L. Hill,* for plaintiffs in error.
*Isaac S. Peebles Jr.,* contra.