### 19436. PHILLIPS *v.* WHEELER.

DUCKWORTH, Chief Justice. 1. Where, as here, there was evidence that the dividing line between the lands of the parties was as contended by the defendant, but also evidence that the plaintiff was in actual posses-

sion of some of the land over this line, having had it under fence and cultivation for more than 20 years up to the line which he alleges is the true dividing line established by agreement between the plaintiff and a predecessor in title of the defendant, the court did not err in charging the jury that, if the jury found by a preponderance of the evidence that the line is as contended by the defendant Wheeler, but that the portion now fenced by the plaintiff Phillips "has been lost to Phillips by adverse possession, or in any other manner enumerated by the court," in that case to find that portion for the plaintiff. The court fully charged on title by prescription, adverse, actual and constructive possessions, establishment of an unascertained or disputed boundary line by agreement or acquiescence, and that the jury might find for the plaintiff, or the defendant, or as charged above; and, at most, the above charge was more helpful than harmful to the plaintiff. There was ample evidence to support the charge, and the special ground complaining that the evidence did not warrant such charge is without merit. Code §§ 85-403, 85-406—85-408; 85-1602; *Watt* v. *Ganahl,* 34 *Ga.* 290; *Dye* v. *Dodson,* 201 *Ga.* 1 (1) (39 S. E. 2d 8); *Browne* v. *Johnson,* 204 *Ga.* 634 (1, 2) (51 S. E. 2d 416); *Warwick* v. *Ocean Pond Fishing Club,* 206 *Ga.* 680 (58 S. E. 2d 383).

2. The evidence being sufficient to support the verdict, the court did not err in denying the motion for new trial as amended.

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., not participating.*

Submitted September 10, 1956—Decided October 8, 1956.

*Jackson & Graham,* for plaintiff in error.

*N. G. Reeves, Jr.,* contra.