22145. S. & S. BUILDERS, INC. v. EQUITABLE INVESTMENT CORPORATION.

558

ARGUED SEPTEMBER 9, 1963—DECIDED JANUARY 14, 1964.

*Willis & Carter, Grover C. Willis, William S. Cain,* for plaintiff in error.

*Swift, Pease, Davidson & Chapman, W. M. Page,* contra.

MOBLEY, Justice. ■ The allegations of the petition, as amended (summarized above), clearly show that the oral construction loan agreement was one of three provisions of a single verbal agreement, the other two of which were later reduced to writing, as the petition alleges plainly and unequivocally that the parties, after considerable negotiations, entered into a verbal agreement to do the three things enumerated and that upon the execution of the written contract, two were reduced to writing but the third was not. The stated objectives of the parties,

agreed upon after considerable negotiations by telephone, was the lending of money by defendant to plaintiff for the development of property owned by plaintiff. Further negotiations led to the oral agreement to do three things, which the parties agreed were necessary to accomplish those purposes, the three things being: (1) lending of money by defendant to plaintiff for clearing the real estate of liens, (2) making of construction loans by defendant to plaintiff, and (3) furnishing consultation and expert advice in development and financing of the property. The ultimate goal of the parties was to sell houses erected by plaintiff on lots developed by him, with consulting service and advice furnished by defendant, on property owned by plaintiff to be cleared of encumbrances with money furnished by defendant. To achieve the established goal required performance by the parties of all of their obligations as fixed by the oral agreement. Thus it is clearly demonstrated that the contract was entire with one agreement covering all the terms. "The primary criterion for determining the question [whether a contract is entire or severable] is the intention of the parties, as determined by a fair construction of the terms and provisions of the contract itself, by the subject matter to which it has reference, and by the circumstances of the particular transaction giving rise to the question." 12 Am. Jur. 870, § 315. Applying that principle to the allegations of the petition, clearly the petition alleges an oral agreement to do three things, which when reduced to writing did not contain one provision about which they had negotiated and orally agreed. If the allegation, that upon the execution of the written contract the defendant assured the plaintiff that the construction loan agreement was a separate and distinct agreement which would be later reduced to writing, is considered as contradictory of the allegation that they entered an oral agreement to do three things, two of which were later reduced to writing, then construing the petition most strongly against the pleader, as must be done on general demurrer, *Ed Smith & Sons v. Mathis,* 217 Ga. 354, 355 (122 SE2d 97), the petition must be construed as alleging that the oral construction loan agreement was a provision or part of a verbal contract which was reduced to writing.

■ The case is controlled by the principle, known as the

"parol evidence rule," that a valid, written contract which is complete, and the terms of which are not ambiguous, can not be contradicted, added to, altered, or varied by parol agreements. *Stonecypher v. Ga. Power Co.*, 183 Ga. 498, 501 (189 SE 13); see also *Code* §§ 20-704, 38-501; *Rogers v. Atkinson*, 1 Ga. 12; *Brosseau v. Jacobs' Pharmacy Co.*, 148 Ga. 651 (1) (98 SE 79); *Thomas v. Eason*, 208 Ga. 822 (2) (69 SE2d 729). As stated in the *Stonecypher* case, supra, there is a line of cases in which parties have been permitted to establish and enforce oral agreements relating to and made in connection with written contracts and, therefore, it becomes necessary in cases of this sort to differentiate between the two classes of decisions. Examples of cases wherein parties have been permitted to establish the oral contract are: *Brinson v. Franklin*, 177 Ga. 727 (1) (171 SE 287); *Langenback v. Mays*, 205 Ga. 706 (1) (54 SE2d 401, 11 ALR2d 1221). The test to determine whether the oral agreement is one which the law will permit to be plead and proved is whether the oral agreement constitutes a part of the written contract or whether, instead, it is a separate and distinct, oral contract which is not inconsistent with the written contract. If the latter, it admits of pleading and proof. *Forsyth Mfg. Co. v. Castlen*, 112 Ga. 199, 210 (6, 7) (37 SE 485, 81 ASR 28); *Stonecypher v. Ga. Power Co.*, 183 Ga. 498, supra; *Cottle v. Tomlinson*, 192 Ga. 704 (16 SE2d 555); *Langenback v. Mays*, 205 Ga. 706, supra.

These rules are clear-cut. They oft have been stated by full bench decisions of this court. The difficulty is not in their enunciation but in their application to concrete factual situations. How shall it be determined whether an oral agreement is a part of a written contract or whether, instead, it is a separate and distinct contract? We shall not attempt to formulate a test which would purport to always give the correct answer to that question because in the present case the question has been answered in the first division of this opinion, where it is held that the oral construction loan agreement was a provision or part of the oral agreement which was reduced to writing. It therefore merged into the valid, complete, and unambiguous written contract and is not subject to pleading and proof. *Smith v. Newton,*

59 Ga. 113 (5); *Weaver v. Stoner*, 114 Ga. 165, 167 (39 SE 874); *Arnold v. Malsby*, 120 Ga. 586 (1) (48 SE 132); *Capps v. Edwards*, 130 Ga. 146 (3) (60 SE 455).

We refer to the written contract in this case as "valid, complete, and unambiguous" for it is quite clear that should it fail to conform to any one of those three adjectives, the introduction of parol evidence would be permissible for limited purposes. That is to say, parol evidence is admissible to show that an instrument which appears to be a valid contract between the parties is not, because of, for instance, failure of consideration or fraud. *Code* § 38-503; *Powell & Co. v. Subers & Massey*, 67 Ga. 448; *Reviere v. Evans*, 103 Ga. 169 (29 SE 756); *Chicago Building &c. Co. v. Butler*, 139 Ga. 816 (4) (78 SE 244); *Hixon v. Hinkle*, 156 Ga. 341 (3) (118 SE 874). Similarly, parol evidence is admissible to prove the remaining provisions of a contract when the written instrument does not purport to contain all the stipulations of the contract. *Code* §§ 20-704 (1), 38-504; *Forsyth Mfg. Co. v. Castlen*, 112 Ga. 199, 210 (6, 7), supra; *Brosseau v. Jacobs' Pharmacy Co.*, 147 Ga. 185 (2) (93 SE 293); *Roberts v. Investors Savings Co.*, 154 Ga. 45 (2-4) (113 SE 398); *Shubert v. Speir*, 201 Ga. 20 (2) (38 SE2d 835); *Thomas v. Eason*, 208 Ga. 822, 826 (2), supra. Likewise, parol evidence is admissible to explain the meaning the parties ascribed to an ambiguous term used in the writing. *Code* § 38-502; *Dye v. Dotson*, 201 Ga. 1, 5 (39 SE2d 8); *Dorsey v. Clements*, 202 Ga. 820 (44 SE2d 783, 173 ALR 509). But none of these so-called "exceptions" to the "parol evidence rule" is here applicable, for reasons which we shall now discuss in the following divisions of this opinion.

■ S. & S. prays that the $150,000 note and agreement with reference thereto be canceled because the consideration for which they were given failed and they are usurious, oppressive, and unjust in that defendant has performed no services and supplied no construction loan money pursuant thereto. The note states that it was given "for value received" and that the agreement in question "is made a part hereof by reference." The agreement which is made a part of the note by reference thereto states that "in consideration of the mutual covenants hereinafter set forth, the parties hereto do hereby covenant and agree as follows," fol-

lowed by a promise by Equitable to give certain advice when called upon by S. & S. to do so and a promise by S. & S. to pay $150,000 in certain instalments. The note therefore states the consideration for which it was given, to wit: the mutual promises expressed in the contract. "One exception to the parol evidence rule is that the consideration of a contract is open to inquiry; but this rule is applicable only where the statement of the consideration in the contract is merely by way of recital. If the consideration be so stated in the contract as to make it one of its terms or conditions, as where the consideration consists of mutual promises expressed in the contract, a different consideration, whether variant or additional, can not be shown by parol." *Brosseau v. Jacobs' Pharmacy*, 147 Ga. 185, 189 (1), supra. This rule with reference to contracts has been applied in cases involving deeds, *Stonecypher v. Ga. Power Co.*, 183 Ga. 498, 499, supra, *Cottle v. Tomlinson*, 192 Ga. 705 (4), supra, and also in cases involving notes. *Powell & Co. v. Subers & Massey*, 67 Ga. 448, supra; *Anderson v. Brown*, 72 Ga. 713 (3); *Hawkins v. Collier*, 101 Ga. 145, 147 (28 SE 632); *Burke v. Napier*, 106 Ga. 327 (32 SE 134); *Anthony v. Cody*, 135 Ga. 329 (69 SE 491); *Simmons v. International Harvester Co.*, 22 Ga. App. 358 (2, 3) (96 SE 9); *Porter Fertilizer Co. v. Brewer*, 36 Ga. App. 329 (1) (136 SE 477); *Ramsey-Fender Motor Co. v. Chapman*, 46 Ga. App. 385 (1-3) (168 SE 92); *Jones v. Lawman*, 56 Ga. App. 764, 773 (194 SE 416). The plaintiff will not, therefore, be permitted to plead and prove that the $150,000 note and contract were given for a consideration other than that which is made a term or condition of the contract and note, to wit: the giving of certain advice when asked for.

Further, plaintiff's allegations that defendant has performed none of the consulting services which are the consideration expressed in the note are insufficient to show a failure of consideration or to form the basis for contentions that the note is usurious or oppressive because by the terms of the contract defendant was only required to give the services if plaintiff asked for them and the petition does not allege that plaintiff called upon defendant to perform the services and that defendant refused to perform the same.

■ The petition attempts to allege that defendant fraudulently induced plaintiff to sign the written instruments by promising plaintiff that defendant in the future would reduce the oral construction loan agreement to writing and recognize its existence and validity. " 'Fraud can not be predicated upon statements which are promissory in their nature as to future acts.' *Jackson v. Brown,* 209 Ga. 78 (70 SE2d 756). 'Representations which authorize an action for fraud and deceit must be made with reference to existing or past facts and not to future acts.' *Monroe v. Goldberg,* 80 Ga. App. 770, 775 (57 S.E.2d 448). 'Ordinarily, promises to perform some act in the future will not amount to fraud in legal acceptation, although subsequently broken without excuse.' *Rogers v. Sinclair Refining Co.,* 49 Ga. App. 72, 74 (174 SE 207). It follows, the allegations in the petition are not such as to authorize an action for fraud to be based upon them. . . ." *Beach v. Fleming,* 214 Ga. 303, 306 (104 SE2d 427).

■ Parol evidence of the alleged verbal agreement to make available construction loans is not admissible on the ground that the written agreements, attached to the petition as exhibits, are incomplete or ambiguous. No incompleteness or ambiguity as to the scope of the contractual obligation entered into by the parties appears from these instruments. Neither does the petition allege that the writings are incomplete or ambiguous, and the plaintiff in its brief in this court takes the position that the writings are not incomplete or ambiguous. Furthermore, the contract with reference to the $150,000 note clearly contemplates that plaintiff might want to obtain construction loans from sources other than from defendant because it provides for subordination of defendant's security to that of certain classes of lenders of construction money and thereafter disclaims defendant's obligation to make construction loans available in the following language: "Nothing contained herein shall be construed to impose any obligation upon Equitable to be responsible for any active participation in the development or construction work of S. and S. or to give S. and S. any financial assistance or to perform any service other than to be available to give, and, upon request, to give advice with respect to the matters referred to above and those ancillary thereto." If the parties contemplated

that their final contract would embrace a construction loan agreement, they might reasonably have been expected to make reference to such in the writings so the writings would clearly show that they were not intended to reflect the entire agreement of the parties.

■ For the reasons stated herein, the trial court did not err in sustaining the general demurrers and motion to dismiss and in dismissing the petition.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., and Candler, J., who dissent.*