## A89A0561. LYNBURN ENTERPRISES, INC. v. LAWYERS TITLE INSURANCE CORPORATION.
### (382 SE2d 599)

McMURRAY, Presiding Judge.

Plaintiff purchased two tracts of land in DeKalb County, Georgia. Defendant Lawyers Title Insurance Corporation issued to plaintiff a title insurance policy covering the tracts. The policy insured plaintiff against loss or damage if title proved to be unmarketable. An exception for defects in the survey was not included in the policy.

One of the tracts purchased by plaintiff was described in the deed (and the policy) as follows: "[A]ll that tract or parcel of land, lying and being in Land lot 213 of the 18th District of DeKalb County, Georgia, and being more particularly described as follows: BEGINNING at an iron pin located in the Southwest corner of Bancroft Circle and Second Street; thence South 79 degrees 33 minutes 01 seconds East 33.65 feet to an iron pin; thence South 21 degrees 16 minutes 31 seconds East 163.17 feet along the Westerly right-of-way of Second Street (40 foot right-of-way) to an iron pin in the Northwest corner of Second Street and a twenty foot public alley; thence South 69 degrees 27 minutes 35 seconds West 210.69 feet along the Northern side of said public alley to an iron pin; thence North 20 degrees 44 minutes 04 seconds West 54.35 feet to an iron pin on the Southeast side of Bancroft Circle; thence North 34 degrees 06 minutes 34 seconds East an arc distance of 211.78 feet, (said arc having a radius of 752.23 feet and having a chord distance of 211.08 feet) following the curvature of the Southeast side of the right-of-way of Bancroft Circle to an iron pin; thence North 42 degrees 10 minutes 30 seconds East 8.74 feet to an iron pin and the point of beginning, containing .630 acres and described according to survey by Clifford R. Smith, dated December 12, 1985."

After purchasing the property, plaintiff began to develop it. Soon, plaintiff discovered that the eastern and western boundaries of the property were shorter (by 20 feet) than described in the deed and that, consequently, plaintiff purchased less acreage (about 15 percent) than it thought it had purchased.

Plaintiff made a demand upon defendant for the payment of plaintiff's loss. When defendant refused plaintiff's demand, plaintiff commenced this action to recover the proceeds of the insurance policy. Following discovery, defendant moved for summary judgment. The motion was granted and plaintiff appealed. *Held:*

"In construing a deed to land, what is most material and most certain should prevail over that which is less material and less certain, and distances and computed contents should yield to ascertained boundaries and monuments." *Stewart v. Latimer*, 197 Ga. 735 (2) (30 SE2d 633). "In *Leverett v. Bullard*, 121 Ga. 534 (2) (49 SE 591), it

was said that '[w]henever in a conveyance the deed refers to monuments actually erected as the boundaries of the land, it is well settled that these monuments must prevail, whatever mistakes the deed may contain as to courses and distances.' " *Stewart v. Latimer*, supra at 742. Accord *Weathers Bros. Transfer Co. v. Loyd*, 224 Ga. 157 (160 SE2d 346).

In the case sub judice, the southern boundary of the property is marked by a public alley; the western boundary runs from a point on Bancroft Circle to the public alley; and the eastern boundary runs from a point at the intersection of Bancroft Circle and Second Street to the public alley. Thus, the southernmost points of the eastern and western boundaries are fixed by an ascertained boundary, i.e., the public alley, and they cannot be extended to accommodate the distances set forth in the deed. *Stewart v. Latimer*, 197 Ga. 735, supra; OCGA § 44-4-5.

It follows that plaintiff purchase exactly what it bargained for — the property lying between Bancroft Circle, Second Street and the public alley. The mere fact that the length of the call lines did not meet plaintiff's expectations is of no consequence. Plaintiff received good title to the land in question. See *Land Trust Co. v. Morgan*, 22 Ga. App. 388 (95 SE 1006). This action to recover title insurance proceeds cannot, therefore, be permitted to stand. See *Shaver v. Title Guaranty &c. Co.*, 163 Tenn. 232 (43 SW2d 212, 213), wherein it was held: "It is true . . . that the object of a purchaser in procuring an abstract of title, or a guaranty of title, is to secure himself additionally in the performance of the obligations of the grantor, but we think his security, while so increased, is thus limited; that is, it indemnifies only as to the title which the grantor has undertaken to convey and for which he has made himself responsible."

Relying upon *U. S. Life Title Ins. Co. of Dallas v. Hutsell*, 164 Ga. App. 443 (296 SE2d 760), plaintiff contends that defendant insured more than the marketability of title. Specifically, plaintiff argues that defendant insured the length of the boundary lines as described in the legal description. We disagree. In *U. S. Life Title Ins. Co. of Dallas v. Hutsell*, supra, the title company's agent affirmatively stated that "the survey has been insured" and we ruled that "defects of survey . . . may be sufficiently related to the standard notions of title defect or encumbrance as to be a risk allowed coverage by title insurance." Id. at 445. In the case sub judice, on the other hand, the policy is silent regarding defects in the survey and, simply put, it does not insure against such risks.

Defendant carried its burden of demonstrating the absence of a genuine issue of material fact. Accordingly, defendant was entitled to a judgment as a matter of law. OCGA § 9-11-56 (c).

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED MAY 4, 1989 —
REHEARING DENIED MAY 30, 1989 — 

*Gail C. Flake,* for appellant.
*Dana G. Diment, Cullen C. Wilkerson,* for appellee.